## Rudebaugh *et al.* *versus* Rudebaugh *et al.*

1. A devise was to testator's wife for life, "and at her decease to return back and to be equally divided between my son John's children and my daughter Lydia's children; subject to the restriction that my son John shall have the use of his children's share during his life." *Held* to be an estate for life to John (after the death of the wife) with vested remainder to his children.

2. John had children born before the death of the testator and his wife, and others born after. *All* his children took upon his death.

October 31st 1872. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Westmoreland county:* No. 23, to October and November Term 1872, No. 23.

This was an amicable action of ejectment for a tract of 106 acres of land, and case stated filed May 5th 1870, between John Rudebaugh, Christopher Rudebaugh, Washington Cox and Leah his wife, late Rudebaugh, in her right, Matthias King, only child of Elizabeth (now deceased), a daughter of John Rudebaugh the younger, David Rudebaugh, Samuel Swab, David Swab, Barbetta Swab, John Rudebaugh, Franklin Rudebaugh, Melville Rudebaugh, Edward Rudebaugh, Daniel Rudebaugh and Samuel Rudebaugh, plaintiffs, and Alexander Rudebaugh, Harrison Rudebaugh, Albert Rudebaugh, Henry Rudebaugh, Matilda Rudebaugh, Harriet Rudebaugh, Ann Rudebaugh and Mary Ellen Rudebaugh, defendants.

The case stated shows these facts:—

John Rudebaugh the first died in July 1828, seised of the land in dispute, having made his will, dated October 16th 1822, and proved July 22d 1828. By his will he provided as follows:

"I give to my wife Elizabeth all my real estate during her natural life, * * * and all my personal estate, and all the money and outstanding debts, * * * during her natural life, and at her decease the same to return back and be equally divided between my son John Rudebaugh's children, and my daughter Lydia's, intermarried with Martin Funk, their children, I give devise and bequeath the same to their heirs and assigns, subject to the following restrictions, viz: That my son John shall have the use of his children's share during his life, after the debts to be yet mentioned are paid. Lydia Funk's children to pay their mother if so be she stands in need, $50 per year during her life. It is understood that the division of land between my son John Rudebaugh's children and Lydia's children to be in the following manner: * * * and after my beloved wife's decease, and the above land divided, the above children of John Rudebaugh to be liable if their father is dead, to pay $700 for the use of Adam and David, sons of the deceased John Rudebaugh, Sr., but if their father John Rudebaugh, Jr., should be alive and have the use of their share of the land, he to pay the same or the land to be rented until paid, and

likewise at my wife's decease, the share that falls to Lydia's children to be rented until they pay the said Adam and David before mentioned $700 of their share, and the said Lydia's children to keep for their aunt Susan a cow's pasture, * * * and likewise I give unto John Rudebaugh, Lydia Funk and Susan Rudebaugh, all my personal estate, which will be found after my wife's decease; likewise I give to my eldest son Adam Rudebaugh $700. Likewise I give to my son David Rudebaugh $700; to be paid by my son John if alive, or his children, and the children of Lydia Funk, in the following manner after my wife's death." * * * He gave also a number of small pecuniary legacies.

Elizabeth Rudebaugh, the widow of the testator, died in 1829.

John Rudebaugh, the son of the testator, died about February 26th 1869. The plaintiffs are children and descendants of deceased children by his first wife, these children having been born before the death of the testator and Elizabeth his widow. He had also three children, Joseph, Simon Reuben, and Sarah Jane, by this same wife, born after the death of the testator and his widow. He had a second wife who left no children. The defendants are the children of his third wife, also born after the death of the testator and his widow.

Upon these facts it was agreed:—

" If the court should be of the opinion that the children of John, the son, who were born before the death of John, the elder, and his wife Elizabeth, are entitled to the land, then judgment to be entered for the plaintiffs generally.

"If the court should be of opinion that the land belongs to all the children of John, the son, as tenants in common, then judgment to be entered for the plaintiffs, including Joseph, Simon Reuben, Sarah Jane, for the undivided twelve-nineteenth parts, and as to the residue for the defendants, including Mary Ellen, married to Demore, but who is not one of defendants.

" If the court should be of opinion that the defendants, Mary Ellen, wife of Demore, are entitled, under the will of John, the son, to the undivided two-thirds of the land in dispute, then the judgment to be entered accordingly."

The court entered judgment, October 17th 1871, for the plaintiffs generally on the case stated.

This was assigned for error by the defendants upon the removal of the record to the Supreme Court.

*E. Cowan* (with whom was *J. F. Wentling*), for plaintiffs in error.—The *use* of the lands to John for life was a devise of the *land* to him. The division of the land between John's children and Lydia's children at the widow's death did not contemplate a division between the children themselves. The children then living took a vested remainder which would open to let in after

[Rudebaugh v. Rudebaugh.]

born children : Wager v. Wager, 1 S. & R. 377 ; 2 Jarman on Wills 55 et seq.; Haskins'v. Tate, 1 Casey 249.

*H. D. Foster*, for defendants in error, cited Calhoun v. Jester, 1 Jones 474.

The opinion of the court was delivered, November 14th 1872, by Read, J.—This is an action of ejectment for 106 acres of land in North Huntington township, in which it was agreed that certain facts should be submitted to the court, to be considered in the nature of a special verdict, with leave to either party to sue out a writ of error. The court below, on the stated case, entered judgment for the plaintiffs generally, to which this writ of error was taken. The only question argued before us was the construction of the will of John Rudebaugh, the elder, and that was whether John Rudebaugh, the son, took a life estate in the shares of his children or not. If he took a life estate, then it was agreed on both sides that the judgment below was wrong. The testator devised and bequeathed to his wife Elizabeth all his real estate whereon he was then living during her natural life, and also all his personal estate to her during her natural life, " and at her decease to return back and be equally divided between my son John's children and my daughter Lydia's, intermarried with Martin Funk, their children ; I give, devise and bequeath the same to their heirs and assigns, subject to the following restrictions, viz. : that my son John shall have the use of his children's share during his natural life." The devise of use during his natural life is a devise of the land to him for life, with a vested remainder in his children.

John, the son, was married three times. By his first wife he had children born before the death of the testator and of his widow, who are the plaintiffs in this case, and three children born after the death of the testator and of his widow. The defendants and Mary Ellen, married to Demore, are the children of John, the son, by his third wife, after the death of testator and of his widow, and before the death of John, the son. There were, therefore, two life estates, that of the widow and that of the son, and therefore the term children of John included, according to all the authorities, all John's children born before his death : 2 Jarman on Wills 55, 56 ; Minnig v. Batdorff, 5 Barr 505.

The judgment, therefore, is reversed, and in conformity to the case stated, judgment is entered for the plaintiffs, including Joseph, Simon Reuben, Sarah Jane, for the undivided twelve-nineteenth parts; and as to the residue for the defendants, including Mary Ellen, married to Demore, but who is not one of the defendants.