## Bigony Estate.

Argued May 4, 1959. Before JONES, C.J., BELL, MUSMANNO, JONES, COHEN, BOK and MCBRIDE, JJ.

*Andrew Mutch Knowlton,* with him *Roger S. Haddon,* and *Fell & Spalding,* for appellant.

*Richard Henry Klein,* with him *Sidney Apfelbaum,* and *Michael Kivko,* for appellees.

OPINION BY MR. JUSTICE McBRIDE, July 2, 1959:

The only question involved on this appeal is the interpretation of the residuary clause of the Will of Edith W. Bigony who died, testate, on December 21, 1953, without issue. The court below found this residuary clause was limited to the assets testatrix knew she had at her death, i.e., securities, stocks, bonds and mortgages, and she therefore died intestate as to any assets other than these remaining for distribution of which she was ignorant at her death. Her last Will and Testament, dated May 31, 1927, together with a Codicil, not material here, was probated on December 29, 1953. It provided, inter alia, as follows:

"FIRST. I give and bequeath unto my sister, Margaret W. Hall, all my personal effects, consisting of jewelry, furniture, household effects, clothing and money in my purse or in bank, absolutely and in fee.

"SECOND. All the rest, residue and remainder of my estate, *consisting of securities, stocks, bonds and mortgages,* I give and bequeath unto my said Sister, Margaret W. Hall, in trust, however, for the following purposes: To keep the same invested as may be necessary from time to time and re-invest when necessary in such securities as she deems proper and collect the issue and income thereof, from time to time as the same may become due and retain the same for her own use and enjoyment, during the term of her natural life and, at her death, I give and bequeath the said securities or others, in which she may have made investments, to

my two nephews, Hobart A. Hawley and Oliver Hawley, of the City of Philadelphia, Pa., in equal shares, share and share alike; or, in case one of them should die without issue, then his share shall go to the surviving brother."

She also provided for the right of consumption of the principal by Margaret W. Hall. Does the language used by the testatrix in her Will constitute a general residuary clause applicable to all interests in property, real, personal or mixed, whether known or unknown to her? This question is material for although Margaret W. Hall consumed virtually all of the principal assets left by decedent, the estate now also has $5,313.82 for distribution. This amount represents the net balance of one-half of the corpus of a trust fund set up under the Will of Charles S. Bigony, decedent's husband, and the net proceeds from the sale of real estate that had been set apart as a $5,000 intestate allowance to her from that Estate. These assets came into existence three years after the death of Mrs. Bigony and they are not "securities, stocks, bonds or mortgages." The question is whether she died intestate as to these assets or whether they passed under the residuary clause of her Will.

The controlling element in the construction of every will is of course the intention of the testatrix. *Mulert Estate,* 360 Pa. 356, 61 A. 2d 841. This intent must be ascertained by a consideration of the *entire* will which is to be read in the light of the surrounding circumstances at the time it was written. *March Estate,* 357 Pa. 216, 53 A. 2d 606. Since there is no uncertainty or ambiguity in the will, the meaning must be ascertained from the language therein. It is not what this Court thinks she might or would have said, or even what the Court thinks she meant to say, but what is the clear meaning of her words. As the lower

court correctly said "Where a testatrix's intent is clear from the language of her entire will, technical rules or canons of construction are unnecessary; it is only where the intent is uncertain or the language ambiguous that such canons should be resorted to. Britt Estate, 369 Pa. 450, 454; Beisgen Estate, 387 Pa. 425, 431; Leaver Estate, 393 Pa. 55, 59."

The language of the residuary clause in this will shows an intent to limit this clause to the assets known to the testatrix, i.e., securities, stocks, bonds and mortgages. Unquestionably, if the will contained only the general residuary clause without the restrictive words "consisting of", all of the testatrix's property, including property or funds of any kind received after or before her death under the Intestate Act from the estate of her husband would pass under this clause. However, the general residuary clause is modified by the phrase "consisting of securities, stocks, bonds and mortgages".

In *Howe's Appeal*, 126 Pa. 233, the words in a will "all my property, consisting of bonds and mortgages, ground rents, stocks, and personal effects in the State of Pennsylvania . . ." were held not to pass real estate and the court found that the testator died intestate as to his real estate. This court said: "It is argued with great earnestness for the appellees that the words, 'all my property' must be construed as evincing an intention to dispose of all the testator's property in Pennsylvania both real and personal. If there were no other words of description, of course this conclusion would be inevitable, but the mere fact that there are other words, which being literally read, do restrain the generality of those words and limit them to certain individuated species of property, is itself proof that they were not intended to have their general meaning; else why insert the additional words? We cannot say they were uselessly and unmeaningly written into the

106

will. On the contrary we find them there and must, if we can, enforce them because they are there." What was said there must be said with equal force as to the Edith W. Bigony will. Accordingly, we hold that the residue now in the hands of the administrator d.b.n.c.t.a. was not disposed of by the residuary clause in the will and as to these items testatrix died intestate. In so holding, we are not unmindful that there is a presumption that testator intends to dispose of his whole estate. Such presumption, however, is met by the equally potent presumption that an heir is not to be disinherited except by plain words or necessary implication. These presumptions are of like force and effect and in applying one we must not overlook the other. Neither presumption, however, will be permitted to defeat the intention of the testator which is expressed in apt words or appears by clear implication. *Rouse Estate,* 369 Pa. 568, 572, 87 A. 2d 281. This Court may not, under the guise of interpreting a will, actually reform it.

The order of the court below is affirmed. Costs on Appellant.