Gladys MORTON et al., Appellants,

v.

Russell HILL, Executor, et al., Appellees.

No. 3695.

Court of Civil Appeals of Texas.

March 2, 1962.

Rehearing Denied March 23, 1962.

R. J. Balch, Seymour, Dewey Cox, Jr., Ranger, for appellants.

Virgil T. Seaberry, Jr., Earl Conner, Jr., Eastland, for appellees.

WALTER, Justice.

Gladys Morton, widow of Gorman Morton and their children filed suit against Mary Leona Owen and Linda Pearl Owen, minor grandchildren of Leona Owen, for title and possession to an undivided one-fourth of the remainder and residue of the estate of Leona Owen deceased. Plaintiffs claim this one-fourth interest under Mrs. Owen's will. In a non-jury trial, the court rendered a take nothing judgment against the plaintiffs.

The plaintiffs have appealed contending the court erred in holding the devise to Gorman Morton lapsed and that Leona

Owen died intestate as to the interest devised to Gorman Morton. They also contend the court erred in failing to approve their request for findings of fact and conclusions of law and in dismissing their cause of action as to Carrie Dulin Ferrell, Folia Morton Thomas and Ina Barber Jones.

The parties stipulated the following:

(1) Leona Owen died October 13, 1959, leaving a last will and testament dated September 4, 1954, which has been duly admitted to probate in Eastland County, Texas.

(2) Gorman Morton, named as a residuary beneficiary in the will of Leona Owen, died January 12, 1959. His widow is Gladys Morton. Three children only were born to Gorman Morton, to-wit: Eloise Upton (wife of Cordell Upton), Edna Jean McKelvain (wife of John L. McKelvain) and June Ann Bryan (wife of Boyce Bryan).

(3) The only descendants and heirs at law of Leona Owen living at her death were Mary Leona Owen and Linda Pearl Owen, minor grandchildren of Leona Owen.

(4) Gorman Morton was a nephew of Leona Owen. Ina Barber Jones, Carrie Dulin Ferrell and Folia Morton Thomas are nieces of Leona Owen.

The court made the following findings of fact and conclusions of law:

### Findings of fact

The will of Leona Owen, deceased, contained no provision with respect to the disposition, in the event of the death of Gorman Morton prior to the death of Leona Owen, of the property otherwise willed to Gorman Morton.

Leona Owen did not intend to provide in her will for the disposition, in the event of the death of Gorman Morton prior to the death of Leona Owen, of the property otherwise willed to Gorman Morton.

No substitute recipient for Gorman Morton was designated, or intended to be designated, by Leona Owen in her will as to the property otherwise willed to Gorman Morton.

### Conclusions of Law

By reason of the prior death of Gorman Morton, the bequests to him in the will of Leona Owen failed and lapsed, said Gorman Morton not being a descendant of testatrix so that Section 68 of the Texas Probate Code, V.A.T.S. could apply, and no provision being made or intended by Leona Owen in the event of his death prior to hers for substitution of some other recipient or for other disposition of the property otherwise willed to Gorman Morton.

Leona Owen died intestate as to such property as her will purported to leave to Gorman Morton, and upon her death such property vested in Mary Leona Owen and Linda Pearl Owen, subject to the rights, powers and duties of the executor of such estate and to the administration thereof.

Mrs. Owen's will devised to Gorman Morton an undivided one-fourth of the remainder of her estate. It also created a life estate in Folia Morton Thomas with one-third remainder interest to Gorman Morton. It also created a trust for the benefit of Mrs. Owen's two grandchildren with possibility of reverter to Gorman Morton.

The appellants contention that the court erred in holding the devise to Gorman Morton lapsed, because he pre-deceased the testatrix, can not be sustained.

The minor appellees, Mary Leona Owen and Linda Pearl Owen, were the only lineal descendants of the testatrix. The appellants are heirs of Gorman Morton. The appellants seek to recover the interest in Mrs. Owen's estate that was willed to Gorman Morton. The court held the devise to Gorman Morton lapsed and that Mrs. Owen died intestate as to the property her will purported to leave to Gorman

Morton. We agree with the court's conclusions of law. Our Supreme Court in Logan v. Thomason, 146 Tex. 37, 202 S.W.2d 212, at page 215 said: "When a devisee or legatee, other than a lineal descendant, dies during the lifetime of the testator, the gift to him falls or lapses unless the testator prevents it by a provision in his will for the substitution of some other recipient. That is, if the will does not provide for substitution the devise or bequest fails where the deceased devisee or legatee is not a descendant of the testator, or where, being a descendant, he himself was not survived by children or descendants who survive the testator. Bomar v. Carstairs, 124 Tex. 492, 79 S.W.2d 841." "A testator may prevent a testamentary gift from lapsing, because of the death of the donee before his own death, by the expression of such intention and a provision for the substitution or succession of some other recipient in case of the intermediate death of the first named donee. It is essential, however, to effect this object that it clearly appears that the testator intended to prevent a lapse, and he must declare, either expressly or in terms from which it can be collected with sufficient clearness, what person or persons he intended to substitute for the legatee dying in his lifetime." 96 C.J.S. Wills § 1216b, pages 1053, 1054.

It was within the testatrix' power to provide that the gift to Morton should not lapse in the event of his death. If this had been her intention she could have specified in her will what person or persons she intended to take the devise in the event of Morton's death. No such provision appears in her will. Morton was not a lineal descendant of the testatrix. Said property therefore was undisposed of by her will and descends to her grandchildren. Bittner v. Bittner, Tex.Com.App., 45 S.W.2d 148.

Appellants made Ina Barber Jones, Carrie Dulin Ferrell and Folia Morton Thomas parties defendant. The court sustained their exception and dismissed them as parties to the suit. Appellants assert that this was error because said parties were necessary and indispensable. Appellants pleaded, "That it was the intention and the purpose of the said Leona Owen a one-fourth (¼) part of the remainder of her estate at her death should pass unto the said Gorman Morton and his heirs in fee simple. Your plaintiffs would further show the court that demand has been made upon the—Executor of the estate of Leona Owen, to deliver to them the one-fourth (¼) part of the remainder of the estate of Leona Owen to which they are entitled under said will." The appellant also pleaded that Jones, Ferrell and Thomas were nieces of the testatrix and that they were named as beneficiaries in the will.

■ The issue under the pleadings was whether or not the devise to Gorman Morton lapsed and passed to the heirs of the testatrix or passed to the estate of Gorman Morton. No judgment could be rendered under the pleadings that would, in any way, affect the rights of Jones, Ferrell and Thomas. Our Supreme Court in Scott v. Graham, 156 Tex. 97, 292 S.W.2d 324, at page 327 said: "Whether a person is a necessary party is determined by his interest in the subject matter and outcome of the suit. As stated in Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472, all persons who have or claim a direct interest in the object and subject matter of the suit and whose interest will necessarily be affected by any judgment that may be rendered therein, are not only proper parties, but are necessary and indispensable parties." In the case of Shield v. Shield, Tex.Civ.App., 286 S.W.2d 252, (Writ Ref. N.R.E.), a point was raised that the court erred in holding that Edwin J. Glass, the owner of the surface estate and an undivided one-half of the minerals in the lands in controversy was not a necessary and indispensable party. In disposing of this question the court said: "Appellants' point No. 1 is overruled. The one-half interest in the minerals owned by Edwin J. Glass was never at any time involved in this suit.

The subject matter of the suit was the ownership of one-half of the minerals previously owned by the Texas Standard Oil & Royalties, Inc., and the only necessary parties ·are those who claim an interest in that mineral interest. The owner of the other one-half is not a necessary party. Bryan v. Bryan, Tex.Civ.App., 262 S.W.2d 736."

We hold that Jones, Ferrell and Thomas had no claim or direct interest in the subject matter of the suit and that their interest could not be affected by any judgment rendered.

■ Appellants requested the court to make findings of fact and conclusions of law. The court complied with this request. Appellants objected to the findings and conclusions and requested the court to make additional findings of fact and conclusions of law. The findings of fact made by the court are supported by the evidence. Some of the additional findings requested were identical with the ones filed by the court. Another was substantially the same. Others were immaterial, for example No. 6, "That there was no close association or relationship between Leona Owen and the said grandchildren; that said children were never seen in the home of the grandmother, Leona Owen; that she never spoke about them and the children were not brought to visit with her." Appellants have cited no authority in support of their contention.

We hold that appellants have not discharged their burden of establishing that failure to make such additional findings was error.

We have examined all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.