UNITED STATES of America

v.

376.21 ACRES OF LAND MORE OR LESS, SITUATE IN WARREN COUNTY, TOME TRACT, and Richard E. Wadsworth et al.

Civ. A. No. 1030.

United States District Court
W. D. Pennsylvania.

March 16, 1965.

Robert E. Tucker, Asst. U. S. Atty., Pittsburgh, Pa., for the government.

C. Henry Nicholson, Harold S. Hampson, Warren, Pa., for the land-owners.

WILLSON, District Judge.

Among the tracts of real property condemned by the United States in the Allegheny Reservoir Project, commonly known as the Kinzua Dam, was the homestead formerly owned by Bessie M. Tome. She died June 9, 1950, a resident of Corydon Township, Warren County, leaving a last will and testament which was probated on June 15, 1950, in the Register's Office of Warren County in Docket No. 33 at page 369. The Govern-

ment's condemnation was filed on December 6, 1963, pursuant to federal law, 40 U.S.C.A. § 258a et seq. The question at issue before me is the distribution of the amount of the agreed just compensation for the land taken. The Government has paid into the Registry of the Court the sum of $20,500.00 as just compensation for the tract. The present owners are Donna Lee Malone Valentine and Harry Tome. Harry Tome is a son of Bessie M. Tome, and Donna Lee Malone Valentine is a granddaughter.

The granddaughter has filed a petition wherein she asserts that she is the sole life tenant of the property as will appear from the Bessie M. Tome will and that she is, therefore, entitled to the income for her lifetime from the monies in the Registry of the Court which are the proceeds of the condemnation. Harry Tome, on the other hand, is the remainderman in the homestead property under the will, but also claims to be a life tenant jointly with the granddaughter. A copy of the Bessie M. Tome will is attached. Several hearings have been held with regard to the matter, and testimony was taken at one of them. It is noticed that the parties have agreed in the pleadings that one of the life tenants named in the will, that is, Luella Tome, died July 9, 1954, prior to the condemnation, leaving the granddaughter and the son as the only persons interested in the homestead property of Bessie M. Tome, deceased. At the hearing it developed that the property consisted of about 41.40 acres together with a residence thereon and other outbuildings, and that at the time the will was executed all of the persons, that is Bessie M. Tome; her son, Harry; and her daughter, Luella; and the granddaughter, then Donna Lee Malone, were all residing on the premises.

In interpreting the will this Court has in mind that the controlling element is the intention of the testatrix. This intent must be ascertained by consideration of the entire will which is to be read in the light of the surrounding circumstances at the time it was written. Bigony Estate, 397 Pa. 102, 104, 152 A.2d 901, 72 A.L.R.2d 1166 (1959). See also Parkin Estate, 157 Pa.Super. 476, 479, 43 A.2d 595, 596 (1945), where the Court said:

"In ascertaining the intention of the testator his will is to be construed as of the date of its execution. In re Peterson's Estate, 242 Pa. 330, 89 A. 126; Thompson v. Wanamaker's Trustee, 268 Pa. 203, 110 A. 770; In re Whiteside's Estate, 302 Pa. 452, 153 A. 728. It must be read, and its meaning interpreted, in the light of the circumstances by which the testator was surrounded when he made it and by which he was very probably influenced, chief among which are the condition of his family, the natural objects of his bounty, and the amount and character of his property. In re Hermann's Estate, 220 Pa. 52, 69 A. 285; In re Frisbie's Estate, 266 Pa. 574, 109 A. 663; Brooklyn Trust Company v. Warrington, 277 Pa. 204, 120 A. 825; In re Mayer's Estate, 289 Pa. 407, 137 A. 627."

At the time of the execution of this will as indicated the circumstances are that the Mother, son, and daughter, and granddaughter were all living on the homestead property. It is apparent that the decedent wished to provide for the daughter and granddaughter, but having done so left the property to her son, Harry Tome, directing him to pay the debts but at the same time providing that the life estates to the daughter and granddaughter—"shall not deprive my son, Harry Tome, from occupying said premises at the same time that they are occupied by said life tenants." In this connection the evidence is that Harry Tome returned to the homestead to live in 1947 and continued to occupy the premises until the condemnation. I conclude from the language of the will and the surrounding circumstances at the time it was executed that decedent gave to her son, Harry Tome, more than a mere license or privilege in the premises.

See Rudebaugh v. Rudebaugh, 72 Pa. 271; Restatement of Property, § 109; and Pennsylvania Law Encyclopedia, Wills § 458.

■ The monies in the Registry of the Court represent just compensation under the statute, 40 U.S.C.A. § 258a. At the time of the condemnation the title to the property vested in the United States and at the same time the right to just compensation became vested— "in the persons entitled thereto"—under the statute. It is settled that that language means every person having an estate or interest at law or in equity in the property taken is entitled to share in the award. See Swanson v. United States, 9 Cir., 156 F.2d 442, 447, 170 A. L.R. 258 (1946), where the Court says:

"The federal court has jurisdiction to determine the just compensation for the taking and how much of it should go to the owner and how much to the holder of the lesser estates. United States v. Sunset Cemetery Co., 7 Cir., 1943, 132 F.2d 163, 165. The state law does not control its distribution, notwithstanding any cases cited by the appellees to the contrary. [Citing Cases]."

■ Counsel for the life tenant in his briefs cites several decisions of the Pennsylvania courts to the effect that a mere permission to occupy premises does not create a life estate, but merely is an incorporeal right or an incorporeal privilege. These decisions have been examined and there is no disposition in this Court to disapprove of them. However, under the federal law the right to just compensation for property condemned lies in anyone who has any interest whatsoever of value in the property. For instance, a lessee for a term of years has an interest which must be recognized. The owner of easements must be compensated. See Silberman v. United States, 1 Cir., 131 F.2d 715, and United States v. Sunset Cemetery Company, 7 Cir., 132 F.2d 163, 165. In the latter case the statement is made on an issue as to distribution:

"Thereafter the court had only jurisdiction to determine what was just compensation for the tract, how much of it should pass to the owner, subject to lesser estates therein, and how much to the holder of the lesser estates."

Furthermore, state law does not control the distribution of the amount of just compensation. See John Hancock Mut. Life Ins. Co. v. Thompson, 1 Cir., 147 F.2d 761, 762. Also Swanson v. United States, 9 Cir., 156 F.2d 442, 170 A.L.R. 258. Finally, it should be noted that the principles just mentioned have relation to the statute in that the final sentence under 40 U.S.C.A. § 258a says:

"The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable."

Under the will it is certain that decedent gave to her son Harry Tome, the right to occupy the premises at the same time that they were occupied by the life tenants. This right of occupancy was concurrent with the life estates. It is to be emphasized that the money in the Registry of the Court is in substitution of the land. The same relationship among the parties and the money is to be carried on as was the relationship created by the decedent in the homestead property. The conclusion is reached that the right of occupancy given Harry Tome is for the duration of the life of Donna Lee Malone under the will, and although it may not be a life estate in the classic sense of that term, it is equivalent to a life interest per autre vie. Counsel for Donna Lee would limit the interest of Harry Tome to an occupancy concurrent with Donna Lee's occupancy. I do not agree, and the parties themselves did not so construe the will during the 13 years after decedent's death, as the son has occupied the premises and the life tenant has not. It is to be emphasized again that the problem is not to define the estates in the property owned by each of the parties hereto, but the issue

is as to the division of the money between them. How much of the fund in the Court is each entitled to? The evidence was that Harry Tome was not cultivating or farming the homestead and there was no income from the premises. He had remodeled the dwelling house and has been residing there with his family. Donna Lee left the property soon after her marriage and has not returned. It seems to this Court that fairness and equity requires that the income be divided among the parties during Donna Lee's lifetime.

■ There is some contention made that the distribution should not be made by this Court but by the Orphans Court of Warren County, Pennsylvania. I disagree. Under Pennsylvania law, Fiduciaries Act of 1949, Section 104 provides:

"Legal title to all real estate of a decedent shall pass at his death to his heirs or devisees, subject, however, to all the powers granted to the personal representative by this act and lawfully by the will and to all orders of the court."

Also Section 501 of the same Act provides:

"A personal representative shall have the right to and shall take possession of, maintain and administer all the real and personal estate of the decedent, except real estate occupied by an heir or devisee."

It is undisputed in this case that the executor who is Harry Tome did not take any steps to take possession of the property in order to pay decedent's debts. He was required to do that under the will and apparently has done so as there are no liens against the real property.

In conclusion, it appears that considering the life estate vested in the granddaughter this Court should direct that the funds in the Registry of the Court be held by a trustee to invest and reinvest pursuant to the laws of Pennsylvania with the net income to be divided between Donna Lee Malone Valentine and Harry Tome. Harry Tome was born on April 27, 1922. The granddaughter, his niece, is younger. Should she survive Harry Tome, her uncle, then she would be entitled to the income from the whole of the fund for her life with the remainder to be distributed under the will of Harry Tome or under the intestate laws. It will, therefore, be directed that the fund be held by the trustee to be accounted for and distributed finally on the death of the life tenant, Donna Lee Malone Valentine, under the direction of the Orphans Court of Warren County, Pennsylvania.

### Exhibit A

I, BESSIE M. TOME, of the Township of Corydon, County of Warren, and State of Pennsylvania, being of sound and disposing mind, memory, and understanding, do hereby make, publish, and declare this to be my Last Will and Testament, hereby revoking and making null and void any and all wills heretofore made by me.

I give and devise to my son, Edwin Tome, any land or premises in Elk Township, Warren County, Pennsylvania, which I own at the time of my decease.

I give and devise to my daughter, Luella Tome, and to my grand-daughter, Donna Lee Malone, a life estate in my homestead located on the easterly side of the River Road in Corydon Township provided, however, that said life estate to each of the aforesaid parties shall not deprive my son, Harry Tome, from occupying said premises at the same time that they are occupied by said life tenants.

I give and bequeath to my grand-daughter, Donna Lee Malone, the household goods and furnishings in my said home.

All the rest, residue and remainder of my said estate, including the premises in which I have created a life estate in Luella Tome and Donna Lee Malone, I give, devise, and bequeath to my son, Harry Tome, subject, however, to the payment by the said Harry Tome of the funeral expenses of Luella Tome and of this Testatrix Bessie M. Tome. I here-

by make the payment of the funeral expenses of the said Luella Tome and of this Testatrix a charge upon my homestead premises.

I nominate, constitute, and appoint my said son, Harry Tome, to be Executor of this my Last Will and Testament.

IN WITNESS WHEREOF, I, BESSIE M. TOME, the Testatrix abovenamed, have hereunto subscribed my name and affixed my seal this Third day of May, A.D. 1950.

Bessie M Tome. (SEAL)

Signed, sealed, published and declared by the above-named Testatrix as and for her Last Will and Testament, in the presence of us who, at her request, and in her presence, and in the presence of each other, have hereunto subscribed our names as witnesses thereto.

> Harold S. Hampson
> Florence O. Lund
> Bessie M Tome. (SEAL)