Reuben NEINAST et al., Appellants,

v.

Mrs. Lena BRAUCKMULLER et al., Appellees.

No. 14699.

Court of Civil Appeals of Texas.

Houston.

March 17, 1966.

Hays Bowers, Caldwell, for appellants.

Odis Tomachefsky, Brenham, for appellees, Mrs. Lena Brauckmuller, Mrs. Mattie Klingelhoefer, Loretta Leppin Hoke, Oliver Gustav Leppin, Mrs. Minnie Broesche, Marie Broesche, Dell Dee Broesche, Brian Fischer and Howard Fischer.

George R. Moorman, Brenham, for appellees, R. J. Hueske and Mrs. Estella Neinstedt.

WERLEIN, Justice.

This suit was brought by Reuben Neinast and Oscar Neinast, Incompetents, acting by and through the Guardian of their persons and estates, William H. Neinast, appellants, for the purpose of construing the will of Albert Neinast, Deceased, and declaring the rights of appellants and appellees thereunder. The will, which was duly admitted to probate as a muniment of title, is as follows:

THE STATE OF TEXAS
COUNTY OF BURLESON
KNOW ALL MEN BY THESE PRESENTS:

That I, Albert Neinast, of the County of Washington and State of Texas, knowing the uncertainty of life and desiring to dispose of my worldly effects now that I am of sound mind and disposing memory, do make and ordain this my last will and testament, hereby revoking any by me formerly made.

1st. I direct that all my just debts and funeral charges be paid out of my personal estate.

2nd. I give, devise and bequeath unto my beloved Nephew, Alvin G. Neinast, of Washington County, he being the son of Meleta Neinast the following real property, which is situated in Washington County Texas. First tract being the ninety acres coming to me thru will from my deceased brother J. P. Neinast and second tract being sixty five acres which is known as my home place.

3rd. I give, devise and bequeath unto my beloved Brother, Amandus Neinast and to my beloved sister Meleta Neinast both of Washington County Texas and to the heirs of my late sister Avanda Hueske the following two tracts of land, both of which came to me thru will from my deceased brother J. P. Neinast. First tract being 526 acres situated in Burleson County Texas and the second tract being 256 acres situated in Washington County Texas. This two tracts of land to be divided equally three ways, Amandue Neinast to receive one third of the total acreage, Meleta Neinast to receive one third of the total acreage and the heirs of Avanda Hueske to receive one third of the total acreage.

4th. I give, devise and bequeath unto my beloved wife, Emma Neinast all other property of every kind and description whatever of which I die seized or posessed or in or to which I have any interest, claim or demand, including all other (except real property mentioned above) real, personal and mixed property of every kind and character.

5th. I further direct that during the life time of my beloved wife, Emma Neinast, she shall have full charge and shall receive all benefits from all my property with full authority to handle according to her will, all property, of every kind and description whatever, except that she shall not have the right nor authority to sell or dispose of any of the real property, which has been herein set aside for Amandue Neinast, Meleta Neinast, the heirs of Avanda Neinast and the two tracts set aside for Alvin G. Neinast.

In testamony whereof I hereunto sign my name, in the presence of two witnesses, who attest the same at my request and in my presence and in the presence of each other.
/s/ Albert Neinast

[Here follows attestation clause]

The trial court, before whom the case was tried without a jury, found in his judgment that Amandus Neinast and Amandue Neinast are one and the same person, and that Amandus Neinast predeceased the testator, Albert Neinast, and that since Amandus Neinast was a brother and not a lineal descendant of the said Albert Neinast, the one-third interest in the real estate devised to Amandus Neinast as set out in paragraph "3rd" of the will lapsed, and passed under the laws of descent and distribution of the State of Texas to the heirs at law of the said Albert Neinast, Deceased. The court further found that said lapsed one-third interest devised to Amandus Neinast did not pass under the residuary clause, being paragraph "4th" of the will, to the surviving wife of Albert Neinast, Deceased, namely, Emma Neinast, inasmuch as the real estate mentioned in paragraph "3rd" of said will was specifically excluded from such residuary clause. The court further found that the one-third interest in said lands devised to Amandus Neinast in paragraph "3rd" of said will, which was the separate property of the testator, passed under the laws of descent and distribution of the State of Texas, one-half to the surviving wife of Albert Neinast, Deceased, namely Emma Neinast, and the remaining one-half passed to the brothers and sisters of said testator or their heirs who were living at the time of the testator's death.

Only the appellants herein excepted to the judgment of the court and appealed therefrom. The court's judgment describes the tracts of land in question and also sets out the names of all the heirs at law of Albert Neinast and the interest that each was entitled to in the lapsed one-third interest that had been devised to Amandus Neinast. The judgment also sets out the interests and names of the heirs of Emma Neinast, who died intestate and who left no children. No one has questioned the devises made in the will, other than the devise of the aforesaid lapsed one-third interest in the property referred to in paragraph "3rd" which was devised to Amandus Neinast. It is our opinion that the court properly construed the will in question and properly declared the interests of appellants and appellees in the lapsed devise.

Appellants assert that the trial court erred in finding that the devise to Amandus Neinast lapsed for the reason there was no evidence to support such finding, and that such finding is against the great weight and preponderance of the evidence. Appellants further assert that the trial court erred in holding that the surviving wife of the testator, Emma Neinast, was entitled to inherit an undivided one-half interest in the property through the laws of descent and distribution for the reason that the provisions of the will specifically barred and excluded her from inheriting any interest therein, and because the intention of the testator was that she should not inherit any interest therein.

The principal rules that must be kept in mind when construing a will are here set out. There is a presumption of law that the testator desired to make a full disposition of his estate, and the will should be construed in such manner as to prevent partial intestacy if such construction is reasonably consistent with the language of the will. Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147. If the will is ambiguous or is subject to more than one construction, that interpretation will be given it which will prevent intestacy. Ferguson v. Ferguson, 121 Tex. 119, 45 S.W.2d 1096, 79 A.L.R. 1163. The primary rule of construction, however, is to give effect to the intention of the testator ascertained by consideration of all of the provisions of the will. McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412; Calvery v. Calvery, 122 Tex. 204, 55 S.W.2d 527.

Section 68, Probate Code, Vernon's Annotated Texas Statutes, formerly Article 8295, V.A.T.S., prevents the lapse of a devise when the devise is to a child or

other descendant. It has been uniformly held by the courts of this State, however, that said Article and Section 68 of the Probate Code do not prevent the lapse of a devise to a collateral relative of the testator. In the instant case Amandus Neinast was a brother of the testator, and hence upon his death prior to the death of the testator, the bequest to him lapsed unless the testator prevented it by some provision in his will. Logan v. Thomason, 146 Tex. 37, 202 S.W.2d 212; Bomar v. Carstairs, 124 Tex. 492, 79 S.W.2d 841. The law in Texas is clearly stated in Morton v. Hill, Tex.Civ.App., 355 S.W.2d 269, writ ref., n. r. e., where the court quotes from the opinion of the Supreme Court in Logan v. Thomason, supra, as follows:

" 'When a devisee or legatee, other than a lineal descendant, dies during the lifetime of the testator, the gift to him fails or lapses unless the testator prevents it by a provision in his will for the substitution of some other recipient. That is, if the will does not provide for substitution the devise or bequest fails where the deceased devisee or legatee is not a descendant of the testator, or where, being a descendant, he himself was not survived by children or descendants who survive the testator. Bomar v. Carstairs, 124 Tex. 492, 494, 79 S.W.2d 841.' "

See also Willis v. Snodgrass, Tex.Civ.App., 302 S.W.2d 706, writ ref., n. r. e.; Morton v. Hill, Tex.Civ.App., 355 S.W.2d 269, writ ref., n. r. e.; Riley v. Johnson, Tex.Civ. App., 367 S.W.2d 82.

In Bittner v. Bittner, Tex.Com.App., 45 S.W.2d 148, the court in discussing whether a devise made by a testatrix lapsed because of the death of the devisee prior to the death of the testatrix, said:

"It was her province, if she so desired, to provide that the gift to Ida Bittner should not lapse, but this intention should clearly appear. Such intention of the testatrix must be declared in a clear and explicit manner by designating what person or persons she intended to take the devise in case of the death of Ida Bittner, the original devisee. This intention does not clearly appear in the will."

Appellants contend that the devise to Amandus Neinast did not lapse for the reason that there was a gift by implication to his heirs, and that hence appellants were entitled to the undivided one-third interest in the property devised in the will to Amandus Neinast. They cite as authority three out-of-state cases, to wit: Bragg v. Litchfield, 1912, 212 Mass. 148, 98 N.E. 673, and Attebery v. Prentice, 158 Neb. 795, 65 N.W.2d 138, and Davis v. Anthony, Tennessee Ct. of App., Eastern Section, 384 S.W.2d 60. We find it unnecessary to discuss these cases since the law in Texas is well settled that implied gifts are not favored and are to be strictly construed in accordance with certain rules, one of which is that the implication must be necessary to carry out a plainly expressed intention of the testator. 61 Tex.Jur.2d p. 351, Wills, § 225. We, therefore, hold that in the instant case there was no devise by implication to appellants who are the surviving children of Amandus Neinast. Our Supreme Court, as hereinabove stated, has clearly held that when a devisee, other than a lineal descendant, predeceases the testator, the gift to such devisee lapses, unless the testator prevents it by a provision in his will for the substitution of some other recipient. This was not done by Albert Neinast in his will.

The next question to be considered is whether the lapsed devise in question passed under the residuary clause of the will of Albert Neinast or under the laws of descent and distribution of the State of Texas. It is our view that the trial court correctly held that the lapsed devise did not pass under the residuary clause of the will. In such residuary clause the testator left all other property of every kind and description whatever to his wife, Emma Neinast, with the exception of the real property devised in paragraphs "2nd" and "3rd" of the will. Hence it is clear that it was the intention of the testator that no part of the

property described in said two paragraphs of the will should be included in the residuary estate.

In Kuehn v. Bremer, Tex.Civ.App., 132 S.W.2d 295, writ ref., the court said:

"The rule is recognized and is supported by the weight of authorities that in the absence of a statute upon the question, under a will containing a general residuary clause, a bequest of property, which, valid when made, fails for any reason, such as the death of the legatee prior to the death of the testator, becomes a lapsed legacy and falls into the residuary clause and passes to the residuary legatee, *unless a different intention is expressed in the will."* (Emphasis supplied)  See also Bittner v. Bittner, supra.  In Coleman v. Jackson, Tex. Civ.App., 126 S.W. 1178, writ den., the court said:

"While there is a presumption that a testator intends to dispose of all his estate and not to die intestate as to any of his property, such presumption, however strong it may be, will not authorize the making of a new will by the court or the inclusion of other property that cannot be brought within the terms of the one made by the testator."  See also Waller v. Gilliland, Tex.Civ.App., 231 S.W.2d 939, writ ref.

▬▬ It is our view that the testator expressly excluded his wife from taking the lapsed devise under the residuary clause of his will.  Apparently he was not satisfied with giving, devising and bequeathing to his wife in the residuary clause all other property of every kind and description whatever of which he might die seized or possessed, which would normally have excluded the devises that he had already made in paragraphs 2nd and 3rd of the will.  In order to make his intention certain, he expressly excepted from the residuary clause such property.  Since such lapsed devise did not pass to the surviving wife under the residuary clause of the will, it necessarily became a part of the testator's undevised estate and passed to his heirs at law.

While we have not found nor been cited to any Texas case containing a residuary clause excepting therefrom certain property, our research has disclosed several cases in other jurisdictions which are quite persuasive in support of the trial court's judgment.  In McCurdy v. Safe Deposit & Trust Co., Maryland Ct. of App., 57 A.2d 302, the testator after making certain bequests to his wife for her life, stated: " * * *  and all the rest of my property to my wife she to do as she pleases except the Maryland Metal Casket Co. stock, * * *."  The court in reversing the trial court held in effect that the word "except" was used in order to take such stock out of the general residue.

In Fidelity-Philadelphia Trust Co. v. Harloff, 133 N.J.Eq. 44, 30 A.2d 57, at page 65, the court said:

"Where the testator has confined his gift of residue to a particular part of his estate and has excluded another part, the part intended to be excluded will not pass under the gift of residue.  Roy v. Monroe, 47 N.J.Eq. 356, 20 A. 481; Tindall's Ex'rs v. Tindall, 24 N.J.Eq. 512."

See also In re: Bigony's Estate, 397 Pa. 102, 152 A.2d 901, 72 A.L.R.2d 1166, in which a general residuary clause was held to be modified by the phrase "consisting of securities, stocks, bonds and mortgages"; see also Annotation under In re: Bigony's Estate, 72 A.L.R.2d p. 1180.

In Vol. 96 C.J.S. Wills § 799, pp. 222–223, it is stated: "The general residuary clause includes property excepted expressly or by implication from other gifts, but not property otherwise disposed of by will *or excepted from the residuary clause itself, * * *."* (Emphasis supplied)

Judgment affirmed.