Anne Brooke WILSON et al., Appellants,

v.

Henry B. CLAY and Nelson D. Durst, Independent Executors of the Estates of Ethel Cavitt, Deceased and Edith Cavitt, Deceased, et al., Appellees.

No. 17435.

Court of Civil Appeals of Texas, Houston (1st Dist.).

On Motion for Rehearing Nov. 21, 1979.

Rehearing Denied Dec. 20, 1979.

Butler, Binion, Rice, Cook & Knapp, Arthur P. Terrell, Houston, for appellants.

Davis, Stacy, Lohmeyer & Davis, Fred Lohmeyer, Bryan, Dibrell, Dibrell, Greer & Brown, W. E. Greer, Galveston, Eldridge, Goggans & Weiss, Parker Nelson, Dallas, Calliham & Robison, Michael B. Calliham, College Station, Gillespie & Gillespie, C. H. Gillespie, III, Sherman, Goode, Hoelscher & Lipsey, Michael R. Hoelscher, College Station, the list of counsel should also include: Mark White, Atty. Gen.; John W. Fainter, Jr., First Asst. Atty. Gen.; Ted L. Hartley, Executive Asst.; Paul Gavia, Chief, State and County Affairs; and Amie Rodnick, Asst. Atty. Gen., for appellees.

*On Motion for Rehearing*

DOYLE, Justice.

After a review of the various motions for rehearing in this case, we are convinced that our original opinion was in error and that the motions should be granted. Accordingly, we withdraw our opinion reversing the trial court and render the following opinion of affirmance.

Anne Brooke Wilson, et al, bring this appeal from an adverse declaratory judgment rendered against her and in favor of Henry B. Clay, Nelson D. Durst and six separate charities in a will construction suit. We affirm.

Clay and Durst, as independent executors of the estates of Ethel and Edith Cavitt (testatrices), instituted the original action in the trial court to interpret the wills and codicils of the Cavitt sisters. All legatees and heirs were named in this suit, along with the Attorney General of Texas.

Ethel Cavitt died in Brazos County, Texas, in December 1977, and her will was admitted to probate that same year. Edith died in March 1978, and her will was admitted to probate that same year. Each sister executed an identical will, dated December 10, 1969, and an identical codicil dated December 2, 1971. The wills contain a specific devise of real property, subject to a life estate in the surviving testatrix, to their beloved niece, Mary Cavitt Wilson, in fee. Mary Cavitt Wilson predeceased the testatrices in 1973, causing these devises to lapse under Texas law. Tex.Prob.Code Ann. § 68 (Vernon 1956). *Logan v. Thomason,* 146 Tex. 37, 202 S.W.2d 212 (1949). Upon her death, Mary Cavitt Wilson was survived by a sole heir, an adopted daughter, Anne Brooke Wilson, who claims her mother's lapsed devises by intestate succession. She contends this real property was specifically excluded from the residuary clause of the testatrices' wills and so must pass to her under the laws of descent and distribution. Appellees argue that the testatrices meant for all of their property to be disposed of under the wills, so the real property must pass to them under the residuary clause recited in each will. No findings of fact or conclusions of law were requested or filed.

Appellants bring two points of error reciting no evidence and insufficient evidence arguments. Under the facts of the case, it is undisputed that the subject devises lapsed. Therefore the burden would be upon appellants to prove intention of the testatrices to exclude the lapsed devises from the residuary clauses. However, to the extent that such points complain of the errors in the trial court's presumed findings in support of its judgment, we find them sufficient to preserve error on appeal. This court must determine whether the lapsed devises of real property to Mary Cavitt Wilson were, as a matter of law, specifically excluded from passing under the residuary clauses of the wills resulting in its passage to Anne Brooke Wilson by intestate succes-

sion as the sole heir of the Cavitt family, or whether the testatrices provided that the wills should dispose of their entire estates.

Since both of the wills and codicils thereto are identical; the relevant portions of only one of them are here set forth:

That I, Edith Cavitt, a feme sole, a resident of Brazos County, Texas, being of sound and disposing mind and memory, do make and publish this my last will and testament, hereby revoking all other wills and codicil by me at anytime heretofore made.

## I.

I direct that all my just debts, including all Estate, Inheritance and Succession taxes shall be paid out of the rest and residue of my estate by my Executors hereinafter named as soon after my decease as may by them be found convenient.

## II.

I specifically give, devise and bequeath unto my sister, Ethel Cavitt, the following property, to-wit:

A. All my household and kitchen furniture, personal effects, including automobiles, owned by me and situated on our home tract, together with all coins, if any, owned by me at the time of my death.

B. A life interest in my one-half interest in the following described properties.

1. The ranch of about 745 acres in the R. Stevenson League in Brazos County, Texas, formerly owned by Fred Cavitt.

2. The service station and land located in the City of College Station, Texas, originally owned by the Estate of Esther Cavitt Sims, Deceased, being now under lease to Texaco, Inc., and being in the D. A. Smith Subdivision in said city.

3. The W. R. Cavitt Home Place and the property immediately adjoining same on the West, same being property originally owned by Horace Cavitt, property described in this Sub Section 3 being all of Lot No. 16 in Phillips Addition to the City of Bryan, in Brazos County, Texas, and any adjoining property owned by him.

## III.

Subject to the life estate devised to my sister in Subparagraph B. in the above paragraph II., I give and devise all of such three (3) pieces of property described in Subparagraph B. to my beloved niece, Mary Cavitt Wilson, in fee.

## IV.

All of the rest and residue of my property and estate, of whatever character it may be and wherever situated, that may be owned by me and remain after the payment of the above mentioned debts, estate, inheritance and succession taxes, and special bequests and devisees, I hereby give, devise and bequeath unto my sister, Ethel Cavitt, N. D. Durst, and Henry B. Clay, Trustees  .   .   .

Appellants have cited several cases holding that property may be expressly excluded from the residuary clause, resulting in distribution of the excluded property by intestate succession. *Lenz v. Sens,* 27 Tex. Civ.App. 442, 66 S.W. 110 (Tex.Civ.App.—Galveston 1901, writ ref'd); *Bittner v. Bittner,* 45 S.W.2d 148 (Tex.Com.App.1932, judgmt. adopted); *Neinast v. Brauckmuller,* 401 S.W.2d 113 (Tex.Civ.App.—Houston [1st Dist.] 1966, no writ); *Swearingen v. Giles,* 565 S.W.2d 574 (Tex.Civ.App.—Eastland 1978, writ ref'd n. r. e.). In each of the foregoing cases it was shown that the testator specifically intended to exclude the property from passing under his will. Language employed in wills varies; it is often so different that each case is unique, and the intent of the testator controls over all other considerations.

Texas courts have discussed will construction problems in numerous cases, setting out several basic rules. In *Neinast v. Brauckmuller,* supra, at 115, this court stated:

The principal rules that must be kept in mind when construing a will are here set out. There is a presumption of law that

the testator desired to make a full disposition of his estate, and the will should be construed in such manner as to prevent partial intestacy if such construction is reasonably consistent with the language of the will. *Briggs v. Peebles,* 144 Tex. 47, 188 S.W.2d 147. If the will is ambiguous or is subject to more than one construction, that interpretation will be given it which will prevent intestacy. *Ferguson v. Ferguson,* 121 Tex. 119, 45 S.W.2d 1096, 79 A.L.R. 1163. The primary rule of construction, however, is to give effect to the will. *McMurray v. Stanley,* 69 Tex. 227, 6 S.W. 412; *Calvery v. Calvery,* 122 Tex. 204, 55 S.W.2d 527.

The applicable law of Texas with regard to lapsed legacies is set out in *Lenz v. Sens,* supra, at 111.

The rule of law controlling the disposition of the lapsed legacy to Anna Kalbfleishch is well settled. A lapsed legacy falls into the residue of the estate, and goes to the residuary legatee, unless it should appear from a proper construction of the will that the testator meant that the residuary gift should take only a limited effect. . . . The intention of the testator, as gathered from the will, must control in the construction of a will.

In attempting to determine the intention of Ethel and Edith Cavitt in drawing their wills, we must look at the language of the wills in their entirety rather from detached or isolated portions. We have no difficulty in finding that the testatrices intended that the described property pass to Mary Cavitt Wilson at their death. It is undisputed that Mary Cavitt Wilson predeceased the Cavitt sisters, thereby causing the devise to her to lapse. It is the well-settled law in Texas that a lapsed devise will pass into the residuary of an estate unless a specific intent to the contrary is shown. *Sewell v. Sewell,* 266 S.W.2d 924 (Tex.Civ.App.—Texarkana 1954, writ ref'd n. r. e.); *Kuehn v. Bremer,* 132 S.W.2d 295 (Tex.Civ.App.—Waco 1939, writ ref'd). Since there were no alternative takers enumerated for the deceased devisee nor words of survivorship or substitution in the Cavitt wills generally, the only remaining source that could possibly provide exclusionary evidence that the three tracts of lands were excepted would be in the residuary clause. We find that there is an absence of any evidence of probative value of intention on the part of the testatrices to except the subject realty from the residuary estate.

In the *Neinast* and *Bittner* cases, supra, relied on in part by appellants, both courts held that the lapsed devises therein involved would not pass under the residuary clauses. However, the courts in each of these cases found the intent to except the subject devises set forth in the residuary clauses in clear and unmistakable language.

In our case the residuary clause is routinely plain and simple and although it does recite " . . . that may be owned by me and remain after the payment of . . . special bequests and devises . . . ", no direct mention is made of the subject three tracts of land. Reading the entire will furnishes no specific intent of the testatrix as to where the subject devise would go in the event it lapsed. Such failure to exempt, subjected the devise to the all encompassing scope of the residuary clause and thus it passed to the legatees named therein. In the *Swearingen* case, supra, the court held that the language of the testatrix was clear and unambiguous and showed that the testatrix intended that bequests, which were set out in the residuary clause, should pass by intestacy. No such provision is couched in the residuary clause of the Cavitt wills. In *Najvar v. Vasek,* 564 S.W.2d 202 (Tex. Civ.App.—Corpus Christi 1978, n. r. e.), the lapsed bequests passed by intestacy because there was no residuary clause in the will. Both of appellants' points of error are overruled.

The judgment of the trial court is affirmed.

COLEMAN, C. J., and PEDEN, J., also sitting.