Hattie S. SANDERSON, Appellant,

v.

**FIRST NATIONAL BANK IN DALLAS
et al., Appellees.**

No. 17332.

Court of Civil Appeals of Texas.

Dallas.

Oct. 3, 1969.

Rehearing Denied Nov. 7, 1969.

George C. Chapman, Thompson, Knight, Simmons & Bullion, Dallas, for appellant.

James E. Coleman, Jr., John Andrew Martin, Carrington, Johnson & Stephens, Dallas, for appellees.

DIXON, Chief Justice.

First National Bank in Dallas, Administrator with Will Annexed, filed this suit requesting the court to construe the holographic will of Jessie Mae Cherry, deceased.

The principal question to be decided is this: does the will make a class gift to the sisters of the testatrix, Jessie Mae Cherry? The answer to the question is material to the outcome of the lawsuit, for if the bequest be construed as a class gift, appellant Hattie S. Sanderson, as sole surviving sister, is entitled to the entire estate. However, if the bequest is not to be construed as a class gift, but as a gift to individuals, then appellant as sole surviving sister will take only one-fourth of the estate—the other three-fourths to be divided according to the law of descent and distribution among the heirs of the testatrix. Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147 (1945); Hagood v. Hagood, 186 S.W. 220 (Tex.Civ.App., Fort Worth 1916, writ ref'd); 61 Tex.Jur.2d 404; Page on Wills, § 35.8, pp. 511–512 (Bowe-Parker Rev. 1961).

At one stage in the proceedings an attorney was appointed to represent unknown heirs. But after it was ascertained that all potential heirs and indispensable parties were accounted for and were before the court either by answer, service of citation, or waiver of citation the attorney was discharged and removed.

An attorney was also appointed to represent the only heir who was cited by publication.

Several of the heirs of the deceased sisters and brothers of the testatrix, Jessie Mae Cherry, were permitted, over the objection of appellant, to file a pleading in the nature of a class action in behalf of all the heirs of the testatrix except appellant.

Motions for summary judgment were filed in behalf of appellant Mrs. Hattie S. Sanderson and in behalf of Mrs. George Ashford and other heirs. The court overruled the motion of appellant and sustained that of Mrs. Ashford and other heirs. Judgment was accordingly rendered construing the will as follows:

"The said last will devised and bequeathed all of the estate to her son, Ralph M. Cherry, if he should survive her. Further, if her son, Ralph M. Cherry, did not survive her, then the said will devised and bequeathed to each of the then four living sisters of Jessie Mae Cherry an equal one-fourth share of her estate. Each such devise and bequest was an individual gift to each one of the four sisters of one-fourth of Jessie Mae Cherry's estate, and such devise and bequest did not and does not constitute a class gift to such sisters jointly in such a fashion that the surviving sister or sisters would take the share or shares of the sister or sisters that had predeceased Jessie Mae Cherry.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that since Jessie Mae Cherry survived her son, Ralph M. Cherry, and three of her four

sisters and was survived by the fourth sister, namely the Defendant Hattie S. Sanderson, a full one-fourth interest in Jessie Mae Cherry's estate has vested outright in the surviving sister, Hattie S. Sanderson, and the remaining three-fourths of her estate has vested outright, and is to be divided among, the heirs at law of Jessie Mae Cherry in the manner provided by the statutes of descent and distribution in the State of Texas as of the date of her death.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Plaintiff, First National Bank in Dallas, upon completion of the administration of the Estate of Jessie Mae Cherry, Deceased, under the supervision of the Probate Court of Dallas County, Texas, and after the payment of all debts and expenses of administration, all as approved by the said Probate Court, pay over or set aside to the Defendant, Hattie S. Sanderson, the equivalent of one-fourth of the said net estate to which she is entitled under the will, and to divide the remaining three-fourths among the heirs at law of Jessie Mae Cherry, including Hattie S. Sanderson, in the manner provided by the statutes of descent and distribution in the State of Texas as of the date of her death."

The record includes the pleadings, affidavits, written stipulations and four depositions.

## FACTS

The material facts are established by the written stipulations of the parties, the undisputed evidence in the oral depositions and the affidavits in support of the motions for summary judgment.

The holographic will of Jessie Mae Cherry is as follows:

"November 18, 1941

"I, Jessie Mae Cherry residing in the City of Dallas, Texas being of sound mind and disposing memory do make, ordain, publish and declare this to be my last Will and Testament hereby revoking all former Wills and Testaments by me made. After my debts and all funeral expenses are paid I do Will and bequeath all my stocks and earthly possessions to my son, Ralph Maurice Cherry. *In case he should die before I do I want all my possessions, stocks and money to be equally divided between my sisters after all my expenses are paid.* Below you will find signatures of two witnesses.

Jessie Mae Cherry

Witnesses—
Willie Thelma Dixon
Margaret L. Roberts" (Emphasis ours.)

When Mrs. Cherry executed her will on November 18, 1941 she had living four full sisters, and one brother.[1] Her mother and father and her husband had died many years before November 18, 1941.

When the will was executed on November 18, 1941 Mrs. Cherry's son, her only issue, Ralph Maurice Cherry, was living. He predeceased his mother, dying on January 19, 1966. He had never married.

When the testatrix, Mrs. Cherry, died on May 31, 1967 three of her sisters and her brother had died since she executed her will on November 18, 1941. Of her sisters and her brother who were living when Mrs. Cherry executed her will, only one sister, appellant Hattie S. Sanderson, was living when Mrs. Cherry died on May 31, 1967.

At the time of the death of the testatrix on May 31, 1967 there were living several descendants—children and grandchildren—of the deceased sisters and brothers of the testatrix. They are the heirs who contend that the will does not make a class gift to the sisters of the testatrix, but did

___

1. At one time prior to November 18, 1941 Mrs. Cherry had living five sisters and two brothers. One sister and one brother died before the testatrix executed her will.

make a gift to each of the sisters individually; that the bequests to the deceased sisters lapsed and that the testatrix died intestate as to that part of the estate which would have gone to the deceased sisters; consequently each of appellees as an heir of the testatrix should take a proportionate share of three-fourths of the estate left by the testatrix.[2]

It is undisputed that the sisters were much closer in their relationships and in the affection of the testatrix than were the brothers. This was especially true in regard to appellant Hattie S. Sanderson and the testatrix, Jessie Mae Cherry, who were life-long companions, frequently writing to each other and often visiting back and forth in each other's home. Mrs. Sanderson often went to the aid of Mrs. Cherry when the latter was in distress. On the other hand the testatrix had very little to do with her brothers, seldom seeing them and never corresponding with them.

The children and grandchildren—all of whom are adults—of the deceased brothers and sisters were not close to the testatrix, except the two grown daughters of appellant Hattie S. Sanderson (they are not parties to this suit). Some of the grandchildren had never seen the testatrix and did not know of her death until service of citation in this case.

## OPINION

In points of error one to six inclusive appellant Hattie S. Sanderson in substance asserts that the testatrix, Jessie Mae Cherry, by her will made a class gift of her property to her sisters; therefore appellant as sole surviving sister at the time of the death of the testatrix, is entitled to the entire estate; and the court should have sustained appellant's motion for summary judgment and overruled the motion of appellees. We agree with appellant.

In construing a will the primary concern of a court is to ascertain the intention of the testator. But if the language of the will itself is unambiguous and plainly by its own terms expresses the intention of the testator, it is unnecessary to construe the instrument, for then the will speaks for itself. In such a situation it is simply the duty of the court to give effect to the intention of the testator as stated in the unambiguous language of the will. The court may not add to, subtract from, amend, correct, reform, revise, or rewrite the will even if the court might think that the testator was unreasonable, unjust or unwise in bequeathing and devising his property as he did. Sellers v. Powers et al., 426 S.W.2d 533, 536 (Tex.Sup.1968); Haile et al. v. Holtzclaw, 414 S.W.2d 916, 922 (Tex.Sup.1967); Huffman v. Huffman, 161 Tex. 267, 339 S.W.2d 885, 888 (1960); State v. Rubion, 158 Tex. 43, 308 S.W.2d 4, 8 (1958); Jackson v. Templin, 66 S.W.2d 666 (Tex.Com.App.1933), 92 A. L.R. 873; Lanius v. Fletcher, 100 Tex. 550, 101 S.W. 1076 (1907); Rowe v. Gilbert, 276 S.W.2d 583, 587 (Tex.Civ.App., Fort Worth 1955, writ ref'd n. r. e.).

As we understand the law of wills a gift to a class is a devise or bequest of property to a group of persons, the membership of which is not ascertainable until some time after the date of the execution of the will unless the will plainly provides otherwise. It has been said (and we believe it is the rule in nearly all jurisdictions) that "* * * the essential feature

---

2. It is interesting to note that when informed of the class action filed by Mrs. George Ashford and others, C. B. Bristol, a son of one of the deceased sisters, wrote a letter to the attorney for the plaintiff Bank stating that he did not desire for an attorney to represent him. He stated that he had read the will and it was his opinion that the testatrix intended to leave her estate to her sisters, of whom appellant Hattie S. Sanderson was the only survivor at the time of the death of the testatrix.

of a class gift is that the number of the persons who are to take the fund or property is to be ascertained at a future time —future, that is, as of the date of the instrument making the disposition. In the case of a will it is everywhere recognized that the time of the testator's death may, and ordinarily it does, serve as such future time, notwithstanding by the modern law a will does not take effect * * * until such death, and the date of the will is therefore not the date of the gift." 61 A.L.R.2d 220. See also 61 Tex.Jur.2d 398; American Law Institute, Restatement, Property, § 279; Page on Wills, § 35.8, pp. 511–512 (Bowe-Parker Rev.).

Appellees contend that the bequest and devise in this case cannot be a class gift because Jessie Mae Cherry knew *at the time she executed her will* how many sisters were then living, and there could not possibly be any increase in their number in the future, for both of her parents were dead. Therefore, say appellees, the necessary element of uncertainty is lacking. We do not agree with appellees. The uncertainty was present at the time of the execution of the will, for the testatrix did not and could not then know how many of her sisters would still be living when she died. The uncertainty, looking to the future, from the date of the will, was how many members of the class would survive the testatrix. If the rule were as appellees contend it would practically be impossible for anyone ever to make a class gift, for the testator will almost always know at the time he executes his will how many members of the class are then living. It is our conclusion that the uncertainty necessary in the case of a class gift may be a future possible decrease in the number of the members of the class as well as possible increase in their number. Page on Wills, § 35.7, p. 506 (Bowe-Parker Rev.).

Appellees rely on the statement sometimes found in the authorities that a gift to a class must be to a group which is uncertain in number *at the time of the gift*. According to appellees the phrase "at the time of the gift" means *at the time of the execution of the will*. We doubt that the phrase can be interpreted as appellees would have us hold, though we are aware that there are judicial decisions which lend some color to appellees' claim. It seems to us that a testator does not make a testamentary gift at the time he executes his will. The gift does not take place during the testator's lifetime. It is postponed until a future date, which is the date of the testator's death in the absence of some other date provided by the will itself. 61 Tex.Jur.2d 402; 61 A.L.R.2d 220, 221; James v. James, 164 S.W. 47 (Tex.Civ.App., San Antonio 1914, dism'd w.o.j.). Not until then is the gift made, in the sense that it is consummated and completed. In the meantime the testator may withdraw or modify his will as he sees fit.

We think the will here meets the other requirements for a class gift:

1. "Sisters" is a group who may constitute a class. King v. Howell, 120 S.W.2d 298 (Tex.Civ.App., Fort Worth 1938, no writ); Hagood v. Hagood, 186 S.W. 220 (Tex.Civ.App., Fort Worth 1916, writ ref'd); 61 Tex.Jur.2d 399; 61 A.L.R.2d 247.

2. It is significant that the will does *not* name the sisters individually who are to take, or state the number of them, which she could easily have done. It simply refers to them as a class. The general rule in Texas and other jurisdictions that if a testator names the beneficiaries, or even states the number of them who are to take, then it is not a class gift. Hagood v. Hagood, 186 S.W. 220, 226 (Tex.Civ.App., Fort Worth 1916, writ ref'd). See 61 Tex.Jur.2d 400 and cases there cited; see also 61 A.L.R.2d 287; and Page on Wills, § 35.4, p. 495 (Bowe-Parker Rev.). But that is not the situation here. We repeat: the sisters are neither named, nor their number stated.

3. There is a presumption that the testatrix intended to make a full disposition of her estate. A construction that results in a partial intestacy is not favored. To the contrary the will must be construed to prevent partial intestacy if such construction is compatible with the language of the will. By the fact that Jessie Mae Cherry left a will an implication arises that she did not intend to die intestate as to a part of her estate. Haile et al. v. Holtzclaw, 414 S.W.2d 916, 922 (Tex.Sup. 1967); Neinast v. Brauckmuller, 401 S.W. 2d 113, 115 (Tex.Civ.App., Houston 1966, no writ); Williams v. Thompson, 375 S. W.2d 489, 491 (Tex.Civ.App., Houston 1964, no writ); Page on Wills, § 30.14, p. 98 (Bowe-Parker Rev.). Yet appellees would have us hold that this is not a class gift to the sisters with the result that the testatrix died intestate as to three-fourths of her estate so that said three-fourths will go to her heirs under the laws of descent and distribution.

4. We also think it is significant that the testatrix in her will did not name or indirectly refer to either of her brothers. She wholly omitted any mention of them or their descendants, though one of the brothers was living and so were descendants of the other brother at the time the will was executed. This omission seems to us to further support the presumption that the testatrix did not intend to die intestate as to part of her estate. Yet the appellees contend and the trial court held that the descendants of the two brothers participate in three-fourths of the estate as heirs of the testatrix.

Appellees say that by the use of the words "equally divided" the testatrix indicated that she did not intend to make a class gift to her sisters. We do not agree. There is abundant authority to the effect that words in a will stating that the persons are to take "equally" or "share and share alike" or "divided equally" are without significance on the question of a class

gift. King v. Howell, 120 S.W.2d 298 (Tex.Civ.App., Fort Worth 1938, no writ); Martin v. Gray, 209 Ark. 841, 193 S.W.2d 485 (1946); Johns v. Citizens & Southern Nat. Bank, 206 Ga. 313, 57 S.E.2d 182 (1950); Henry v. Henry, 378 Ill. 581, 39 N.E.2d 18 (1941); In re Agrella's Will, 175 Misc. 456, 23 N.Y.S.2d 951 (1940); In re Weber's Estate, 155 Pa.Super. 403, 38 A.2d 362 (1944); 61 A.L.R.2d 248; Page on Wills, § 35.5, p. 500 (Bowe-Parker Rev.); Restatement of the Law, Property, § 282(b).

Appellees lean heavily on the holding of our Supreme Court in Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147 (1945). There the Supreme Court held that the will did not make a class gift. However we think the holding there is not applicable here. The words of the will in *Peebles* were "In case of my death what property I possess is to be divided equally between my Brothers & Sisters *If they are living If not my nearest Relatives their children.*" (Emphasis ours.) The Supreme Court held, and surely no one can quarrel with the holding, that the testator did not intend to die intestate as to part of his estate. He certainly did not intend that the gift to any of the brothers should lapse in the case of the death of a brother or brothers before the testator's death, for he expressly provided that such part should go to the brothers' children. We think that *Peebles* is plainly distinguishable from the case now before us.

We have held that the will in this case speaks for itself and by its own language provides a class gift to the sisters of the testatrix. However we are aware that the courts of Texas "go a long way in the relaxation of the rules of construction of wills to arrive at the manifest intention of the testator, especially when the will is written by a layman, * * *." Huffman v. Huffman, 161 Tex. 267, 339 S.W.2d 885, 889 (1960); Davis v. Corabi, 421 S.W.2d 677 (Tex.Civ.App., Austin 1967, no writ). In this case if resort should be had to the

undisputed facts and circumstances surrounding the execution of the will, we are of the opinion that they amply support our holding that the testatrix intended to make a class gift to her sisters. She obviously did not feel close to either of her brothers, or their children or grandchildren. She did feel close to her sisters, especially appellant Hattie S. Sanderson. She did not feel close to any of the children and grandchildren, except the two daughters of appellant. The deposition testimony is lengthy and we shall not recount it in detail. Some of it is the testimony of appellees. It would stretch credulity further than we can go to say that the evidence in this case lends any support to appellees' claims.

We sustain appellant's first six points of error.

In her seventh point of error appellant complains of the action of the court in permitting Mrs. George Ashford and others to file a class action pleading in behalf of the heirs at law of the testatrix, Jessie Mae Cherry. In this pleading it was alleged that the gift in the will to the sisters of the testatrix was not a class gift, therefore the heirs at law of the testatrix should take through descent and distribution the three-fourths of the estate which would have gone to the three deceased sisters had they been living when the testatrix died. Among the persons in whose behalf the pleading was filed were an adopted daughter and a blood daughter of Henry Porter, the brother of testatrix, who died in 1934, some years before the will was executed; also a daughter and two granddaughters of William Joseph Porter, a brother who was living when the will was executed in 1941, but who predeceased the testatrix. Neither brother nor his descendants were mentioned in the will.

We think it was error to permit the class action to be filed. Rule 42, Vernon's Tex-

as Rules of Civil Procedure, provides for the filing of class actions when the persons constituting a class of litigants are so numerous that it is impracticable to bring them all before the court. In this case all the members of the alleged class were before the court either by service of citation or by waiver of citation. Furthermore it was stipulated by the parties that "All necessary and indispensable parties have been served, are before the Court, and that all jurisdictional requirements have been complied with." Since every person of the alleged class was before the court individually and specifically by name, it cannot be said that they were so numerous that it was impracticable to bring all before the court.

However we are of the opinion that the error in allowing the class action to be filed was harmless. In view of our holding that the will does provide for a class gift we do not believe that appellant suffered any harm by the court's permitting the plea to be filed. The error was not material to the proper outcome of the case.

In her eighth point of error appellant pleads in the alternative. She says that in the event we hold that she is not entitled to the entire estate we should reverse and remand the cause because there is a fact issue as to what Mrs. Cherry intended by her will in the light of the surrounding circumstances. We have held that the will of the testatrix made a class gift to her sisters and that the appellant, as sole survivor of the sisters, takes the entire estate. We therefore overrule appellant's eighth point.

The judgment of the trial court is reversed and judgment is here rendered holding that by her will the testatrix made a class gift to her sisters and that appellant, Hattie S. Sanderson, the sole surviving sister, takes the entire estate of the testatrix, Jessie Mae Cherry.

Reversed and rendered.