Richard JENSEN, Michael Jensen, Juell Jensen, and First National Bank of McAllen, Appellants,

v.

Margaret Mildred Daniels Pringle CUNNINGHAM et al., Appellees.

No. 1464.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 28, 1980.

Neil E. Norquest, Ewers & Toothaker, McAllen, for appellants.

J. Perry Jones and Gloria Lee Vera, Jones & Lewis, McAllen, for appellees.

OPINION

NYE, Chief Justice.

This is an appeal brought by First National Bank of McAllen, Independent Executor, and Richard Jensen, Michael Jensen, and Juell Jensen, from a judgment of the trial court construing the wills of Juell J. Daniels and his wife, Hazel E. Daniels.

The record indicates that Juell J. Daniels predeceased his wife, Hazel E. Daniels. Both died leaving wills containing identical, reciprocal residuary clauses, the construction of which are now in question. Both wills were admitted into probate in Hidalgo County, Texas. Before a distribution of the estate of Hazel E. Daniels could be made, appellee, Margaret Mildred Daniels Pringle Cunningham, daughter of the decedents and a legatee under both wills, filed her objection in the Probate Court to the proposed distribution. The Bank then filed its petition seeking a construction of the specific provisions in question.

At the hearing, the only issue before the court was whether the daughter, appellee, should receive 50% of the trust assets provided for in Paragraph B(1) of Article Four of the wills, or whether she should share equally with five of the six grandsons of the decedents who were also named in that same paragraph. The Bank, as Executor and Trustee, took the position that the daughter and the five surviving grandchildren should each receive an equal one-sixth share of the trust funds. The appellee daughter, on the other hand, contended that, by the express language of that paragraph in the will, she should receive one-half of the trust funds, with the remaining half to be divided equally among the listed grandchildren who were then surviving.

There is no contention by anyone that the provisions of the wills were vague or ambiguous, and no parol evidence was offered at the hearing held by the trial judge. The questioned provision stated: "One share to be divided equally *between* my daughter, (naming her), *and* my following named

grandchildren who are then surviving: (naming them)." (Emphasis added.) After this hearing, the trial judge entered a judgment which stated, in relevant part as follows:

It is, accordingly, ORDERED, ADJUDGED and DECREED that said provisions in controversy be, and they are hereby construed as follows:

(1) MARGARET MILDRED DANIELS PRINGLE CUNNINGHAM (appellee daughter) shall, as a class, receive one-half (½) or 50% of the corpus of the trust provided for in Section Four B(1) of the Last Will and Testament of Juell J. Daniels [and Hazel E. Daniels] and the remaining one-half (½) or 50% shall be equally divided among the following grandchildren of Juell J. Daniels [and Hazel E. Daniels]: JUELL EMANUEL JENSEN, RICHARD ANTONIUS JENSEN, MICHAEL DEAN JENSEN, JOHN STEPHEN PRINGLE, and CLARENCE J. PRINGLE *as a class* with each receiving 10% thereof." (Emphasis added.)

Thereafter, the Bank and the grandchildren with the surname Jensen perfected their appeal to this Court.[1]

Appellants present three interrelated points of error for our consideration. In point of error one, they complain, in essence, that the trial court erred in construing that the daughter would receive one-half of the trust corpus provided in the paragraphs in question, while the surviving grandchildren collectively would share in the other one-half. In points of error two and three, appellants complain that the trial court erred by holding that the daughter should be treated as a class alone, apart from the grandchildren named in the paragraphs in question, and erred by holding the grandchildren should be treated as a class, separate from the daughter.

In considering these points of error, we must keep in mind the familiar rules governing the proper interpretation and construction of wills. The cardinal rule is to seek and enforce the intention of the testator. *Philleo v. Holliday,* 24 Tex. 38 (1859); *Najvar v. Vasek,* 564 S.W.2d 202, 206 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.); *Gonzales v. Gonzales,* 457 S.W.2d 440 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.). Where, as here, none of the parties contend that the will is ambiguous, the true meaning of the will must be determined by construing the language used "within the four corners of the instrument." *Frost Nat. Bank of San Antonio v. Newton,* 554 S.W.2d 149, 153 (Tex.1977); *Republic National Bank of Dallas v. Fredericks,* 155 Tex. 79, 283 S.W.2d 39 (1955). In such a situation, we do not speculate concerning the testator's intentions, but construe the will as we must based upon the express language used therein. *Frost Nat. Bank of San Antonio v. Newton,* 554 S.W.2d 149, 153 (Tex.1977); *Huffman v. Huffman,* 161 Tex. 267, 339 S.W.2d 885 (Tex.1960). If the language is unambiguous and it expresses the intention of the testator, the will speaks for itself. In such a situation, the court merely has the duty to give effect to the intention of the testator as it is expressed in the will. *Corpus Christi Nat. Bank v. Gerdes,* 551 S.W.2d 521, 523 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.); *Sanderson v. First National Bank in Dallas,* 446 S.W.2d 720 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.).

With these rules as a yardstick, we examine the pertinent parts of the wills in question. In each will, Articles Three and Four devised the testators' estates in such a way that nominal bequests were devised in Article Three and the bulk of the respective estates devised in Article Four, which was the residuary clause containing the disputed

---

1. Clarence Jay Pringle, one of the named grandchildren, filed an answer in support of appellee's construction. The remaining grandchildren filed waivers of citation and accepted the petition for construction without filing pleadings. Margaret Cunningham and Clarence Jay Pringle, the grandson who supported her position at trial, appear before us as appellees. The grandchildren with the surname Jensen appear before us with the Bank as appellants.

provision. In Paragraph A of Article Three of the will of Juell Daniels, the daughter received a specific bequest of $1,000.00; and in Paragraph B of that article, she received the corpus (and interest thereon) from a $5,000.00 trust, payable to her at the rate of $100.00 per month until the trust had been exhausted. Paragraph C of Article Three,[2] on the other hand, bequeathed to each of the six named grandsons the sum of $1,000.00. In effect, Article Three of this will gave one-half of the total bequest to the daughter (paragraphs Three A & B), and the other one-half to the grandsons. Stated another way, the total of the grandsons' individual bequests equalled the total amount of the daughter's bequest.

Article Three of the will of Hazel E. Daniels provided only for nieces and nephews. It contained the following provision:

"As of October 15, 1968, there is a note account due me from sale of stock of JOE DANIELS TIRE COMPANY, INC., of the present value of approximately $10,000.00, which is being reduced at the rate of $100.00 per month. In the event of my demise prior to the time this note is paid in full, I give and *bequeath* any remaining unpaid portion of this asset, *in equal shares, to the following*:

A. My niece, ARLENE JANET THOMAS GIPE,

B. My nephew, LA MAINE THOMAS,

C. My great-niece, KAREN KAY GIPE

D. My great-niece, SHAREN RAE GIPE, and

E. My great-nephew, PHILIP GIPE.

If any of the beneficiaries named in this Article shall not survive me, then the bequest to such beneficiary shall lapse and shall become a part of my residuary

estate hereinafter disposed of." (Emphasis added.)

The daughter was not included among the beneficiaries in Article Three in her mother's will.

The bulk of the estates was devised pursuant to identical and reciprocal provisions contained in Article Four. This article provided, in substance, for the residuary of each estate to be placed in trust, naming the Bank as Trustee. Paragraph A provided that the net income from such trust should be paid to the surviving spouse during his/her lifetime. The next paragraph (Paragraph B), which contains the disputed portion of both wills, stated:

"Article Four

B. Upon the death of my [named spouse] (or upon my death if she [/he] shall not survive me), the Trustee shall divide the corpus of the Trust Estate *into two equal shares* and shall deliver such shares in fee as follows:

(1) *One share* to be *divided equally between* my daughter, MARGARET MILDRED DANIELS PRINGLE CUNNINGHAM, *and* my following named grandchildren who are then surviving:

(a) JUELL EMANUEL JENSEN,

(b) RICHARD ANTONIUS JENSEN,

(c) MICHAEL DEAN JENSEN,

(d) JOHN STEPHEN PRINGLE,

(e) CLARENCE JAY PRINGLE, and

(f) DANIEL LESTER CUNNINGHAM.[3]

(2) *One share* to be delivered to FIRST NATIONAL BANK OF McALLEN, TEXAS, Trustee, for the use and benefit of my daughter, MARGARET MILDRED DANIELS PRINGLE

---

2. Paragraph C of Article Three provides as follows:

"To *each* of my beloved grandsons named below, the sum of One Thousand and No/100 ($1,000.00) Dollars, in cash:

(1) JUELL EMANUEL JENSEN
(2) RICHARD ANTONIUS JENSEN
(3) MICHAEL DEAN JENSEN
(4) JOHN STEPHEN PRINGLE

(5) CLARENCE JAY PRINGLE, and
(6) DANIEL LESTER CUNNINGHAM
If any of the beneficiaries named in this Article shall not survive me, then the bequest to such beneficiary shall lapse and shall become a part of my residuary estate hereinafter disposed of." (emphasis added.)

3. Daniel Lester Cunningham predeceased both decedents.

CUNNINGHAM. Said Trustee shall collect the income from the property comprising the said Trust estate and shall remit the net income derived therefrom, in monthly or other convenient installments, to my said daughter, MARGARET MILDRED DANIELS CUNNINGHAM, or apply same for her benefit, so long as she shall live. Upon her death, the Trustee shall divide the corpus of said Trust estate into as many equal shares as there are grandchildren of mine, above named, then living and deceased grandchildren of mine leaving issue then surviving." (emphasis added.)

We are of the opinion that the overall testamentary scheme of the testator and testatrix was first, to make adequate provision for each other, as husband and wife, during the remaining life of each after his/her own death; then, to make provision for their daughter during her lifetime, with nominal bequests to their nieces, nephews, and grandsons with the residue of their estates, if any, to be divided among the grandsons (then surviving) after the deaths of the surviving spouse and their daughter. This intent is evidenced by the nominal bequests to the nieces and nephews in Article Three of the testator's will and the nominal bequests to the grandsons in Article Three of the testatrix's will, with a greater amount to their daughter. The bulk of each estate went into a trust fund for the benefit of the surviving spouse during his/her remaining life.

The contrast in both wills between Article Three and Paragraph B(1) of Article IV is noteworthy. If the testator and testatrix intended the named beneficiaries in Paragraph B(1) to share in equal portions, they could easily have so provided by simply repeating the pattern established in Article III. Instead, Paragraph B(1) states that one share (of the two equal shares of the trust established for the benefit of the surviving spouse during his/her lifetime) shall "be divided *equally between* my daughter [named], *and* my following named grandchildren who are then surviving:" The daughter (appellee) is not included in the subsequent list of grandsons. When the testatrix intended to provide for equal gifts to individuals who otherwise strictly would not be in the same "class," she did so in Article Three by including each named individual in the list.

Here the appellee daughter is clearly separated from the remaining grandsons in Paragraph B(1) by the word "and," and then by the separate list of the grandsons. The next-to-last grandson is also separated by the word, "and," to designate the last of that class or type of named individuals. If all were to receive the same amount, there would be no necessity for more than one "and" in the list or group of persons receiving the devise. The word "between" as it is used in its usual sense designates a division separating the daughter from the remainder of the grandchildren listed thereafter. See definition "between" Black's Law Dictionary, p. 204 (4th Ed. 1968). Again, the daughter is treated distinctly.

Appellants contend that the legatees named in Paragraph B(1) cannot be grouped into two separate classes and can only be considered "a collection of individually named legatees because: 1) the individual legatees are individually named," and 2) "the number of legatees in each purported class was certain at all material times because the legatees were each named." We do not agree.

As a general rule, where a gift of personalty is made to two or more persons, and one or more of them die before the testator, and there are no words of survivorship in the will, the property, which by the terms of the will goes to such deceased person or persons, lapses and the surviving legatees take only such part of the estate as is specially bequeathed to them. On the other hand, where a devise is made to two or more persons as a class, and one or more die before the testator, the surviving legatee or legatees take the testator's entire devise, including such part as by the will was bequeathed to the legatee who predeceased the testator. *Hagood v. Hagood,* 186

S.W. 220, 224–25 (Tex.Civ.App.—Fort Worth 1916, writ ref'd); *Sanderson v. First National Bank in Dallas,* 446 S.W.2d 720 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.).

Even though the grandchildren are individually named in the disputed paragraph [B(1)], the express language of that paragraph creates a gift to the grandchildren as a class gift by providing that only those grandchildren who are surviving shall share in the gift. It is noteworthy that the words of survivorship contained in paragraph B(1) modify only the gift to the grandsons, and not the gift to the daughter.

 We also disagree with appellants' contention that the grandsons named in the paragraph in question cannot be grouped according to class because, by virtue of their being individually named, the number of legatees was certain at all material times. The uncertainty necessary to constitute a class gift may be a future possible decrease in the number of possible members of the class as well as a possible increase in the number. *Sanderson v. First National Bank in Dallas,* 446 S.W.2d 720, 724 (Tex. Civ.App.—Dallas 1969, writ ref'd n. r. e.). Here, the will by its express survivorship terms, provides the uncertainty of how many grandchildren would survive the testatrix and testator. *Benson v. Greenville Nat. Exchange Bank,* 253 S.W.2d 918, 925 (Tex.Civ.App.—Texarkana 1952, writ ref'd n. r. e.).

The case of *Jones v. Donelson,* 37 Tenn.App. 467, 264 S.W.2d 828 (1953, cert. denied 1954), upon which appellants rely, is clearly distinguishable. The Tennessee court noted that the testatrix "supplied proof that she used 'between' and 'among' as synonymous and interchangeable" terms because she used both terms interchangeably in her will. Such is not the case before us. Here, there is no indication that the testatrix and testator intended that the word "between" should impart any meaning other than its grammatically correct meaning. As a general rule, words in a will, whether technical or proper, should be taken in their plain and usual sense unless an intention to use them in another sense clearly appears and such sense can be ascertained. *White v. Taylor,* 155 Tex. 392, 286 S.W.2d 925, 926 (1956); *Bristol v. Mazza,* 288 S.W.2d 564 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n. r. e.); *Jones v. Donelson,* 264 S.W.2d 828 (1953, cert. denied 1954).

The will, when considered from its four corners, reflects a planned disposition to the natural objects of the testator's and testatrix's bounty: first and most of the devise to their daughter; and a lesser amount to their grandsons, according to the degree of their relationships.

The judgment of the trial court is affirmed.

YOUNG, J., not participating.