**Vera PERRY, et al., Appellants,**

v.

**Walter HINSHAW, et al., Appellees.**

**No. 18565.**

Court of Appeals of Texas, Fort Worth.

Oct. 28, 1981.

Rehearing Denied Dec. 9, 1981.

Kennedy, Minshew, Campbell, Cain & Seidlits and Robert W. Minshew, Sherman, David F. Morris, Fort Worth, for appellants.

Barlow, Gardner, Tucker & Garsek and James B. Barlow, Gloria I. Rice, Fort Worth, for appellees.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

HUGHES, Justice.

This is a declaratory judgment suit involving the construction of the last will and testament of Lydia Hinshaw, deceased. Broadly stated, the issues relate to: whether the testatrix intended specific devises or a class gift to the individuals named in one of the provisions of the will; whether, if the gifts lapsed, they passed through the residuary clause of the will rather than the laws of descent and distribution; and, whether the testatrix intended that the time of her death be used to determine those survivors who were to take. The trial court rendered judgment that: specific devises were intended rather than a class gift; the specific devises to all but one of the named individuals in the disputed clause lapsed and passed through the residuary clause; the testatrix intended that the time of her death be used to determine the survivors who were to take.

We affirm.

The controversy here is over certain rental property. The second paragraph of the will bequeathed all the rents and income from the property to Hattie Peterson in the form of a life estate. The third paragraph, the disputed provision of the will, reads as follows:

"THIRD: Upon the death of HATTIE PETERSON, I direct that the real property from which the said HATTIE PE-TERSON, was receiving the rentals during her life time, be divided among the surviving sisters and brothers of myself and my beloved husband in the following manner: to my sister, MRS. HATTIE HOHHOF of Chicago, Illinois, one-half (½); and the remaining half to be divided equally, share and share alike, among the surviving brothers and sisters of my beloved husband, D. E. HINSHAW, the same being WILLIAM HINSHAW, FANNIE STEELE, COSA FRENSLY, LUDA JONES, and VERA PERRY, share and share alike."

The will also contains a residuary clause naming Hattie Peterson as the residual beneficiary.

Lydia Hinshaw died on February 15, 1976. Hattie Peterson served as independent executrix of her estate.

Hattie Peterson died on August 8, 1978. Her will named the appellees John L. Wilson and Methe Wilson as residual beneficiaries, the status through which they claim.

It was stipulated by the parties that the only person named in the third paragraph of Lydia Hinshaw's will who survived Ms. Hinshaw and Ms. Peterson was Vera Perry.

Vera Perry, an appellant herein, initiated this suit seeking a determination that she is entitled to a fee simple title to the disputed tract because she was the only beneficiary named in the third paragraph who survived Hattie Peterson. She asserts that Ms. Hinshaw intended a class gift and also that Ms. Peterson's date of death is to be used as determinative of which survivors take.

The appellants, Kenneth H. Hohhof, Edwin J. Hohhof, and Jo Ann G. Hohhof Houser, assert that they are entitled to a one-half interest in the disputed tract because the third paragraph evinces Ms. Hinshaw's intent that one-half of the property devolve to Hattie Hohhof, or her representatives, upon Ms. Peterson's death. They rely upon a theory of implied gift. They further assert that if the gift to Hattie Hohhof lapsed it should pass by the laws of descent and distribution rather than the residuary clause because Ms. Hinshaw did not intend for Ms. Peterson, the named residual beneficiary, to have complete ownership of the tract. It is their assertion that Ms. Peterson's date of death is to be used to determine which survivors take.

The appellees, the residual beneficiaries of Ms. Peterson's will, assert that Ms. Hinshaw created specific gifts in the named individuals which lapsed, except as to Vera Perry, and therefore passed through the residuary clause. They also assert that Ms. Hinshaw intended that the time of her death be used to determine the survivors who take.

At the outset we dispose of the issue as to whether Ms. Hinshaw intended to make specific devises to the named individuals or intended to make a class gift under the provisions of the third paragraph of her will. In construing Ms. Hinshaw's will, our primary concern is to ascertain her intent as it is expressed in the will. *Sanderson v. First National Bank in Dallas*, 446 S.W.2d 720 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.).

To constitute a gift to a class, the gift must be to several persons answering the same description so that one word describes them all. The gift must be an aggregate "sum" to a body of persons uncertain at the time of the gift. *Hagood v. Hagood*, 186 S.W. 220, 225 (Tex.Civ.App.—Fort Worth 1916, writ ref'd).

The rule in Texas appears to be that where the will designates the beneficiaries by name and also describes the named beneficiaries as a class, the gift is one specifically to the named beneficiaries, the class description being added merely by way of identification. *Benson v. Greenville National Exhange Bank*, 253 S.W.2d 918, 924 (Tex.Civ.App.—Texarkana 1953, writ ref'd n. r. e.); *Hagood v. Hagood, supra* at 226.

We hold that an intent to make specific devises to the named individuals is manifested by the third paragraph of the will and that the words "surviving sisters and brothers" are only identifying in character.

Having determined that Ms. Hinshaw intended to make specific devises to the named individuals in the will, we hold that the question as to whose death should be used to determine who should take is irrelevant to the issues as presented. This is especially true inasmuch as Vera Perry is the only one of the named individuals who survived either Ms. Hinshaw or Ms. Peterson.

Since the individuals named in the third paragraph, excluding Vera Perry, died before Ms. Hinshaw and Ms. Peterson we hold that the specific gifts lapsed. Tex.

Prob.Code Ann. sec. 68 (1980) would not prevent lapse because gifts to collateral relatives are involved here. The question then arises as to whether the lapsed gifts pass through the residuary clause or by the laws of intestate succession.

The seventh paragraph of Ms. Hinshaw's will reads as follows:

"*SEVENTH:* I will and bequeath all of the rest and residue of my property, both real and personal of whatsoever kind and nature and wheresoever situated, of which I may die seized and possessed to HATTIE PETERSON, in fee simple."

■■ A gift which lapses generally falls into the residuary clause, if there is one, and passes to the residual beneficiary unless a different intent is expressed in the will. This follows from the presumption that the intent of a testator is to make a full disposition of his estate. Thus, a construction which prevents partial intestacy should be had as long as it is consistent with the language of the will. *Kuehn v. Bremer,* 132 S.W.2d 295, 297 (Tex.Civ.App.—Waco 1939, writ ref'd); *Briggs v. Peebles,* 144 Tex. 47, 188 S.W.2d 147 (1945).

■ We find no intention expressed that would prevent the lapsed gifts from passing through the residuary clause. The cases of *Neinast v. Brauckmuller,* 401 S.W.2d 113 (Tex.Civ.App.—Houston 1966, no writ) and *Bittner v. Bittner,* 45 S.W.2d 148 (Tex.Com. App.1932) are factually distinguishable from this case in that passage through the residuary clauses of the respective wills involved in these cases would have been inconsistent with other expressions of intent found in the wills.

■ We further hold that there was no implied gift in favor of Hattie Hohhof and her representatives. "Implied gifts are not favored and are to be strictly construed in accordance with certain rules, one of which is that the implication must be necessary to carry out a plainly expressed intention of the testator." *Neinast v. Brauckmuller, supra* at 116. What is plainly expressed in Ms. Hinshaw's will is that the disputed tract be divided among the surviving sisters

and brothers. Hattie Hohhof died several years before Ms. Hinshaw died.

We are not prepared to hold, as appellants Hohhofs would have it, that by vesting a life estate in Ms. Peterson, Ms. Hinshaw intended that she have a life estate only. Such a holding would be contrary to Ms. Hinshaw's clearly expressed intent that Ms. Peterson be residual beneficiary.

We overrule the points of error separately raised by the appellants Hohhof and Perry.

The judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

■ We have considered Vera Perry's motion for rehearing and overrule the same. Ms. Perry relies heavily upon the case of *Jensen v. Cunningham,* 596 S.W.2d 266 (Tex.Civ.App.—Corpus Christi 1980, no writ) for the proposition that the use of the word "surviving" in the disputed paragraph provides the uncertainty necessary to create a class gift. Our reading of *Jensen* is that the basis of the holding therein was the evidence of an overall testamentary scheme which was discernible by the use of contrasting language in differing paragraphs. Moreover, although the court in *Jensen* did state that the subject will provided the necessary uncertainty by its express survivorship terms, we do not find its cited authority to be supportive of such.

Ms. Perry has expressed concern that we have rendered the use of the word "surviving" meaningless. We agree with the parties that the use of this term imposed a condition and was meaningful. Our holding is that "surviving" was a condition to taking which, if not met, resulted in a lapse.

Rehearing denied.