NO. 07-07-0446-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 28, 2008
_____

IN THE ESTATE OF RUSSELL E. WOMACK, DECEASED
_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2006-771,633; HONORABLE PAULA LANEHART, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellants, Barbara Holladay, Richard H. Byrne, Michael V. Byrne, and James E. Byrne, Jr. (collectively "Byrne"), appeal from a judgment of the County Court at Law #3 of Lubbock County, Texas, construing the will of Russell E. Womack, deceased. Through six issues, Byrne attacks the legal determination that the will of the deceased intended a class gift to "nieces and nephews" of Russell and his deceased wife, Beverly; the legal and factual sufficiency of the evidence to support the judgment of the trial court and certain specified findings of fact; and the trial court's determination that Byrne could not object to the inclusion of Deah'dra Anne Cummings as a distributee. We affirm.

Factual and Procedural Background

Russell E. Womack was a successful businessman who had accumulated a sizeable estate by the time of his death. He was married to Beverly Womack, who predeceased him. Russell and Beverly did not have children of their own, however, their respective siblings did have children. As a result, Russell wrote a holographic will that left his entire estate to his and Beverly's nieces and nephews.

The issue of the Womack estate was brought before the trial court as a "Combined Application For Identification Of Distributees, For Probate Of Will, For Appointment Of Independent Executor, And For Waiver Of Bond." Within this document was a request that the trial court determine the identities of the class of living nieces and nephews, as designated by the Womack will. After the application was filed, two of the purported distributees, Debbie Cheadle and Camille Sawaya,[1] filed a limited objection to the application on file. The limited objection was directed at the inclusion of Deah'dra Anne Cummings as a distributee of the class gift to the Womack's nieces and nephews. Subsequently, Nancy Higginson, Arthur Cheadle, Edward Cheadle, Raeanne Martin and Wayne Carson joined in filing objections to the inclusion of Deah'dra Anne Cummings as a distributee under the will. Ultimately, all of the nieces and nephews claiming through Beverly Womack filed objections to the inclusion of Deah'dra Anne Cummings as a distributee. Appellee, Deah'dra Anne Cummings, will be referred to as Cummings. None

_____

[1] Camille Sawaya died after the original application had been filed. However, her personal representative continued to represent her interest in these proceedings.

2

of the nieces and nephews of Russell filed objections, however, those are the appellants in this appeal.

The will was admitted to probate on May 10, 2006. Pursuant to a request by the executor of the Womack estate, the trial court set a pre-hearing conference for August 4, 2006, at which time the attorneys representing the various parties were to discuss the procedures to be used to ascertain the identification of the nieces and nephews of Russell and Beverly Womack. Following the August 4, 2006 hearing, the trial court set a hearing for what was designated "the official display of documents" for September 14, 2006. The record demonstrates that all of the parties present before this Court were given notice of the September 14th hearing. The reporter's record of that hearing identifies the receipt by the trial court of birth certificates from all of the parties before this Court, specifically to include Cummings. The record further reflects that, at the close of the September 14th hearing, the trial court instructed the attorney for the executor of the estate to send a letter to all of the nieces and nephews advising that any objections to the birth certificate of Cummings, a copy of which was enclosed, or any other proposed distributee must be filed with the County Clerk by October 11, 2006. The final matter in the letter sent to all parties was the setting of a "status conference" for October 22, 2006, at which the trial court was to consider calendaring deadlines for discovery, mediation, and other pre-trial matters.

Subsequently, on August 2, 2007, the trial court entered a judgment declaring the identity of the distributees under the Womack will. The court found that the will gave the entire estate to a certain group of persons, those being the nieces and nephews of Russell and Beverly Womack. The trial court found that the nieces and nephews of Russell were

3

James E. Byrne, Jr., Barbara Holladay, Michael V. Byrne, Richard H. Byrne, Wes Womack, and Carolyn Victoria Cain. The trial court also found that the nieces and nephews of Beverly were Nancy Higginson, Debbie Cheadle, Arthur Cheadle, Camille Sawaya, Wayne Carson, and Raeanne Martin. The court further found, although there had been a dispute regarding the status of Cummings, that dispute had been resolved by and between Cummings and those parties who had filed an objection and that the objection had been withdrawn. Further, the court found that no other party had filed an objection to Cummings's status as a niece and, therefore, Cummings was to receive an equal share as a distributee under the Womack estate. The trial court proceeded to order the estate distributed in 13 equal parts to all nieces and nephews found by the court, to include Cummings. It is from this order that Byrne appeals.

## Class Gift

Byrne's first three issues all deal with the subject of whether the will of Russell made a class gift to the nieces and nephews of Russell and Beverly.[2] It is Byrne's contention that the will specifically provides that the estate is to be distributed to 12 distributees. We disagree.

The original holographic will, dated April 9, 1999, stated, in relevant part:

---

[2] Byrne's second and third issues contest the evidentiary support for certain conclusions of law filed by the trial court. Both are predicated on the proposition that the will did not provide for a class gift. However, as we will overrule that contention, we need not address the specific allegations regarding the sufficiency of the evidence to support these conclusions.

4

> I leave all of my estate to my nieces and nephews and to Beverly's nieces and nephews and to Basilio Coronado. The estate is to be divided into fifteen (15) equal shares and each niece & nephew & Basilio Coronado are to receive one (1) equal share.

Subsequently, on May 4, 2000, Russell wrote a holographic codicil to the will. In this codicil, Russell stated:

> I Hereby delete from this will the following Persons:
> 1. Basilio Coronado
> 2. Finney Cheadle
> 3. Edward Cheadle

The codicil does not mention 12 equal shares nor does it otherwise try to limit the interpretation of the original will. It simply deletes three individuals from the list of distributees.

"It is a cardinal rule in the interpretation of wills that the intent of the testator is the object to be sought. . . ." Hagood v. Hagood, 186 S.W. 220, 223 (Tex.Civ.App.–Fort Worth 1916, writ ref'd). No party to this case alleges that the will is ambiguous, therefore, the proof of intent is to be taken from a reading of the will as drafted without aid to extraneous sources. Id. at 224. In determining whether a gift is to be treated as a class gift or gifts to specifically named devisees, we look at the words used to describe the takers of the gift. See generally Perry v. Hinshaw, 625 S.W.2d 751, 753 (Tex.App.–Fort Worth 1981, no writ). A class gift is a gift to several persons answering the same description so that one word describes them all. Id. The gift must be an aggregate sum to a body of persons uncertain at the time of the gift. Id. (citing Hagood, 186 S.W. at 225).

In the case before the Court, the group originally consisted of the nieces and nephews of Russell and Beverly and Basilio Coronado. By the codicil, Coronado and two nephews were deleted. After the codicil, the aggregate sum to be given was the totality of the estate of Russell and the several persons designated to take were the aforementioned nieces and nephews. According to Byrne, this means that it is a specific gift to those twelve nieces and nephews of Russell and Beverly in equal shares. However, what makes this a class gift is that, at the time of execution of the will, the body of persons the gift was made to was uncertain. This uncertainty was due to not knowing which of the nieces and nephews would survive Russell. This uncertainty was not resolved until Russell's death. Sanderson v. First Nat'l Bank, 446 S.W.2d 720, 724-25 (Tex.Civ.App.–Dallas 1969, writ ref'd n.r.e.). The fact that the number "fifteen" was used in the original will means only that Russell was attempting to ensure that all received equal shares. Had he intended a gift to specific devisees, all Russell had to do was name them. As the will named one specific devisee, Basilio Coronado, we are guided by the fact that Russell did not specifically name the nieces and nephews. See Benson v. Greenville Nat'l Exchange Bank, 253 S.W.2d 918, 924 (Tex.Civ.App.–Texarkana 1953, writ ref'd n.r.e.). Accordingly, we overrule Byrne's issues regarding the nature of the gift and find that the will left the estate to a class of distributees, as found by the trial court.

Status of Deah'dra Anne Cummings

Byrne's next three issues are all related to the trial court's determination that Cummings was one of the nieces to be considered a distributee of the will of Russell. Byrne contends that the trial court erred in determining that they were barred from

6

objecting to Cummings's status as a niece, there was only prima facie evidence of her status, and there was a fact issue raised as to the type of adoption that brought Cummings into the family. However, before we can address any of these issues, we must first determine whether Byrne has preserved them for appellate review.

First, it is axiomatic in Texas jurisprudence that a party wishing to complain about a trial court's ruling or procedure must object or, in some other proper manner, bring the erroneous ruling or procedure to the attention of the trial court. See TEX. R. APP. P. 33.1(a); Wal-Mart Stores, Inc. v. McKenzie, 997 S.W.2d 278, 280 (Tex. 1999). This is so that the trial court may have the opportunity to correct any errors without the necessity and cost of an appeal. Odom v. Clark, 215 S.W.3d 571, 574 (Tex.App.–Tyler 2007, pet. denied). The fact that there are multiple parties to the litigation in question does not lessen the duty of a litigant to pursue its own objections or rulings. Beutel v. Dallas County Flood Control Dist., No. 1, 916 S.W.2d 685, 694 (Tex.App.–Waco 1996, writ denied).

Under the operative facts of the case before the Court, Byrne never filed any objection to the proof offered by Cummings nor did Byrne ever object to the procedure followed by the trial court in attempting to ascertain who the members of the class of devisees were. This failure to act leaves this Court with nothing to consider on appeal, as the matter has been waived. Williamson v. New Times, Inc., 980 S.W.2d 706, 711 (Tex.App.–Fort Worth 1998, no pet.). Byrne attempts to alter this outcome by contending that the other nieces and nephews did object to the proof offered by Cummings. However, as discussed above, Byrne may not rely on another's objection to preserve error that they did not object to. Beutel, 916 S.W.2d at 694.

7

Byrne contends that the documentation filed by Cummings was nothing more than prima facie evidence that she was a daughter of Victor Womack and, therefore, a niece of Russell. Tindle v. Celebrezze, 210 F.Supp 912, 915 (S.D. Cal. 1962). Apparently, Byrne's theory is that this evidence is insufficient proof of her relationship with Russell. However, prima facie evidence is sufficient evidence to get a litigant to the trier of fact on the issue presented. Coward v. Gateway Nat'l Bank, 525 S.W.2d 857, 859 (Tex. 1975). Inasmuch as this matter was tried to the court, there was then legally sufficient evidence for the court to enter a judgment on this issue. City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). Likewise, in light of the fact that this is the only evidence before the trier of fact on the issue of Cummings's relationship to Russell, we cannot say that the judgment of the trial court is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

Next, Byrne attempts to defeat the judgment of the trial court by attacking the proof of the adoption of Cummings as failing to meet the requirements for adoption by estoppel. However, this argument appears for the first time in Byrne's appellate brief. There is nothing in the record to indicate that this argument was ever presented to the trial court in a timely manner. Therefore, the issue has been waived. See TEX. R. APP. P. 33.1(a); Williamson, 980 S.W.2d at 711.

Conclusion

Having overruled all of Byrne's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

8