**Opinion filed December 6, 2021**



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00132-CV

_____

## IN THE INTEREST OF N.V., A CHILD

**On Appeal from the 1st Multicounty Court at Law**
**Nolan County, Texas**
**Trial Court Cause No. CC-7767**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the father of N.V.[1]  On appeal, the father presents six issues, but we address only the first two, which relate to (1) the trial court's jurisdiction and (2) the father's statutory right to be represented at trial by a court-appointed attorney.  We reverse in part and remand.

---

[1]We note that the Department of Family and Protective Services also sought to terminate the mother's parental rights, that the trial court addressed the mother's parental rights in its final order and made findings that would support the termination of the mother's parental rights, but that the final order does not contain specific language ordering that the mother's parental rights are terminated.

## I. *Background*

After receiving an intake regarding N.V. testing positive for marihuana at birth and attempting family-based safety services, the Department of Family and Protective Services removed N.V. from his parents and filed a petition to terminate their parental rights. In its December 19, 2018 petition, the Department requested, among other things, that the father's parental rights to N.V. be terminated. The father claimed to be indigent and requested a court-appointed attorney.

On January 3, 2019, the trial court found that the father was indigent and appointed Jordan Magee as the father's attorney ad litem. Magee represented the father at the adversary hearing that was held on January 23, 2019. Thereafter, on March 18, 2019, the trial court held a hearing to address matters concerning the father and his attorney. At the father's request, and with the consent of Magee, the trial court permitted Magee to withdraw as counsel for the father. The trial court did not appoint new counsel at that time.

On February 10, 2020, approximately eleven months after Magee was permitted to withdraw, the trial court appointed Chad Mancine as the father's attorney ad litem. Mancine filed a motion to withdraw in June 2020. The father did not consent to Mancine's motion and was not present for the hearing on the motion. Nonetheless, the trial court, on June 12, 2020, granted Mancine's motion to withdraw. The trial court did not appoint new counsel at that time.

After issuing an order in December 2019 to retain the suit on the trial court's docket and an order in June 2020 to continue the case pursuant to the emergency orders issued by the Texas Supreme Court in response to the COVID-19 pandemic, the trial court set the case for trial. On November 20, 2020, the trial court conducted the trial via Zoom. The father appeared and represented himself at trial. At the end of the proceeding, the trial court took the case under advisement. Six months later,

on May 25, 2021, the trial court signed a final order terminating the father's parental rights. *See* TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2021).

In March 2021—between the time of the final hearing on termination and the signing of the final order, the trial court appointed Danna Wolfe to represent the father. Wolfe continues to represent the father in this appeal.

## II. *Trial Court's Jurisdiction*

In his first issue on appeal, the father asserts that the trial court had lost jurisdiction over the cause below prior to the commencement of trial. He contends that the statutory automatic dismissal date, which was December 16, 2019, passed without the trial court entering an order to retain the case on its docket. *See* FAM. § 263.401(a) (West Supp. 2021).[2] We note that the father does not challenge the validity of the Texas Supreme Court's COVID-19 emergency orders.

The supplemental clerk's record, which was filed in this court after the father filed his brief, contains a timely order to retain the suit on the trial court's docket. On December 2, 2019, the trial court signed an order pursuant to Section 263.401(b), that extended the dismissal date to June 14, 2020.

Thereafter, in April 2020, the Department filed an agreed motion for continuance of the trial setting, citing the Texas Supreme Court's Third Emergency Order Regarding the COVID-19 State of Disaster, 596 S.W.2d 266 (Tex. 2020). In June, the Department subsequently filed a motion to retain the suit on the trial court's docket, citing the Texas Supreme Court's various COVID-19 emergency orders. Based on that motion, the trial court, on June 26, 2020, signed an order to retain the

---

[2]Section 263.401(a) provides:

> Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child is terminated and the suit is automatically dismissed without a court order. . . .

suit on the trial court's docket pursuant to the supreme court's emergency orders that were in effect at the time; it also set a new dismissal date of November 22, 2020. The trial of the case commenced on November 20, 2020.

The documents contained in the supplemental clerk's record refute the father's contention regarding the automatic dismissal date having passed without the trial court issuing an order to retain the suit on the trial court's docket. Because the trial court entered an order that complied with Section 263.401(b), the trial court did not automatically lose jurisdiction of this case on the dismissal date provided for by Section 263.401(a). *See In re G.X.H.*, 627 S.W.3d 288, 295–98 (Tex. 2021) (discussing Section 263.401 and holding that the trial court's extension of the automatic dismissal date allowed the trial court to retain jurisdiction). In light of the trial court's orders to retain this case on the trial court's docket, we hold that the trial court had not lost jurisdiction over the case at the time that the trial commenced. *See id.*; *see also In re E.C.R.*, No. 07-21-00099-CV, 2021 WL 4238490, at *6 (Tex. App.—Amarillo Sept. 17, 2021, pet. denied) (holding that trial court had jurisdiction when the case was tried, "as the trial court entered a subsequent order extending the dismissal date" pursuant to the supreme court's emergency order regarding COVID-19 that was in effect at the time of the order). Accordingly, we overrule the father's first issue on appeal.

### III. *Right to a Court-Appointed Attorney*

In his second issue, the father asserts that, because he was indigent, the trial court erred when it permitted the father's attorney(s) to withdraw and failed to appoint new counsel to represent him at trial. The Department concedes that the father's second issue is meritorious and that reversal is required. We agree.

In Texas, an indigent parent has a statutory right to court-appointed counsel in a case brought by the Department to terminate the parent's parental rights. FAM. § 107.013(a)(1); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016); *In re B.G.*, 317 S.W.3d

250, 253 (Tex. 2010); *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). This statutory right to counsel includes the right to effective assistance of counsel. *M.S.*, 115 S.W.3d at 544, 550. Once appointed under Section 107.013(a), an attorney cannot withdraw without a showing of good cause and the court's permission. *B.G.*, 317 S.W.3d at 254. In *P.M.*, the Texas Supreme Court stated: "Courts have a duty to see that withdrawal of counsel will not result in foreseeable prejudice to the client." 520 S.W.3d at 27. If a court allows an attorney to withdraw, it must provide for the appointment of new counsel. *Id.*

Based upon the clear mandate of both the legislature and the supreme court that an indigent parent is entitled to a court-appointed attorney ad litem in a case of this type, we hold that the trial court abused its discretion when, upon permitting the father's attorneys to withdraw, it failed to appoint another court-appointed attorney to represent the father. *See* FAM. § 107.013(a)(1), (a-1), (d), (e); *P.M.*, 520 S.W.3d at 27; *In re B.G.*, 317 S.W.3d at 253; *In re M.S.*, 115 S.W.3d at 544. Nothing in the record before us indicates that the father was no longer indigent, waived his right to counsel, or chose to proceed pro se after being duly admonished by the trial court. As such, the trial court's failure to appoint counsel to represent the father at the parental termination hearing constitutes reversible error. *See In re V.L.B.*, 445 S.W.3d 802, 806–08 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *In re C.D.S.*, 172 S.W.3d 179, 185–86 (Tex. App.—Fort Worth 2005, no pet.); *In re M.J.M.L.*, 31 S.W.3d 347, 354 (Tex. App.—San Antonio 2000, pet. denied); *In re T.R.R.*, 986 S.W.2d 31, 37 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.). Consequently, we sustain the father's second issue on appeal.

In light of our disposition of the father's second issue, we need not address his third, fourth, fifth, or sixth issues. *See* TEX. R. APP. P. 47.1; *In re A.M.M.*, No. 13-21-00114-CV, 2021 WL 4819079, at *11 n.16 (Tex. App.—Corpus Christi–Edinburg Oct. 15, 2021, no pet. h.) (citing Rule 47.1 and noting that, because the violation of

parent's due process rights warrants a new trial, the parent's other issues, including legal sufficiency challenges, need not be addressed).  We further note that our ruling does not alter the trial court's appointment of the Department as N.V.'s managing conservator.  *See In re J.A.J.*, 243 S.W.3d 611, 615–17 (Tex. 2007); *In re M.P.S.*, 632 S.W.3d 241, 244 (Tex. App.—Eastland 2021, no pet.).

IV.  <em>This Court's Ruling</em>

We reverse the trial court's order insofar as it terminated the father's parental rights, and we remand this cause to the trial court for further proceedings.  Any proceeding on remand must be commenced within 180 days of this court's mandate.  TEX. R. APP. P.  28.4(c).

W. STACY TROTTER

JUSTICE

December 6, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.